**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**STATE OF WISCONSIN, et al.,
Defendants-Appellants.**

**No. 85–1157.**

United States Court of Appeals,
Seventh Circuit.

Argued June 12, 1985.

Decided Aug. 19, 1985.

Rehearing Denied Sept. 24, 1985.

Frank D. Allen, Jr., Civil Rights Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Alan Lee, Dept. of Justice, Madison, Wis., for defendants-appellants.

Before BAUER and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*

BAUER, Circuit Judge.

The State of Wisconsin appeals a district court order requiring Wisconsin election officials to count as valid certain absentee ballots which were received after the polls closed in the November 6, 1984, general election. The district court held that the state election officials had failed to mail absentee ballots to certain citizens living overseas in sufficient time to allow those voters to mark and return their ballots before the polls closed, thereby depriving them of their right to vote in violation of the Overseas Citizens Voting Rights Act of 1975, 42 U.S.C. § 1973dd *et seq.* (1983), and the Federal Voting Assistance Act of 1955, 42 U.S.C. § 1973cc *et seq.* (1983). The contested ballots were counted and did not affect the outcome of any of the races at stake in the election. No other relief was granted. We therefore hold that there is no longer a controversy between the parties and accordingly dismiss the appeal as moot.

I

In October 1984, the Voting Section of the Civil Rights Division of the Department of Justice conducted a telephone survey of Wisconsin county and municipal election officials to determine when those officials began mailing absentee ballots to overseas voters. The survey indicated that a number of municipalities began mailing the ballots too close to the date of the election for those ballots to be received, marked, and returned before the polls closed on election day. Under Wisconsin law, ballots not received before the polls close will not be counted. Therefore, on October 31, 1984, the United States filed suit against the State of Wisconsin, alleging that not mail-

ing the ballots in sufficient time for them to be returned validly violated the Overseas Voting Rights Act and the Federal Absentee Voting Assistance Act.

On November 2, 1984, the United States District Court for the Western District of Wisconsin ordered the state election officials to preserve any ballots received from overseas citizens between the time the polls closed on election day and November 16, 1984. Election officials eventually received 329 ballots which had been timely applied for during this period. On November 14, 1984, the State of Wisconsin moved to dismiss the complaint for failure to state a claim, arguing that it was in full compliance with both federal voting acts. The state agreed that if this motion was denied, it would count all absentee ballots received before November 16, 1984, in the federal elections.

On November 30, 1984, the district court denied the motion to dismiss the complaint, finding that it stated a cause of action under the federal voting statutes. The district court reasoned that although neither statute specifically stated how long before an election absentee ballots must be mailed to voters, a state could defeat the express purposes of the statutes by mailing the ballots without sufficient time for their valid return. The court therefore entered the agreed order to count the ballots in the elections for federal offices. On February 26, 1985, the Wisconsin Board of State Canvassers issued a supplemental certification of the election results for federal offices which included the late ballots, thereby complying with the district court's order. The late ballots did not affect the outcome of any race. The State of Wisconsin then filed this appeal.

Article III, Section 2 of the Constitution limits federal jurisdiction to actual cases and controversies. *See Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 546, 96 S.Ct. 2791, 2796, 49 L.Ed.2d 683 (1976). It is

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

clear, as the United States admits, that there is no longer a controversy between the parties. Appellee's br. at 2. The State of Wisconsin counted the disputed ballots, thereby complying in full with the district court's order. These ballots made no difference in any race. No other relief was ordered. The United States argues, however, that this court has jurisdiction because the dispute between the parties is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed.2d 310 (1911). We disagree. There is no indication that in future elections the State of Wisconsin will not comply with the district court's ruling that absentee ballots must be mailed in sufficient time to allow for their return before the polls close. We therefore do not find that this dispute is sufficiently capable of repetition to warrant applying that exception to the mootness doctrine. Accordingly, we dismiss the appeal as moot.