**RISING SUN STATE BANK and Larry W. Kinnett, Defendants-Appellants,**

v.

**Gordon S. FESSLER, M.D., Plaintiff-Appellee.**

No. 1–679A177.

Court of Appeals of Indiana, Fourth District.

Feb. 27, 1980.

---

John D. Mitchell, Mitchell & Brown, Rising Sun, for defendants-appellants.

Douglas R. Denmure, Aurora, for plaintiff-appellee.

CHIPMAN, Judge.

Defendants-appellants Rising Sun State Bank, [Bank], and Larry W. Kinnett appeal from the trial court's judgment ordering them to be jointly and severally liable to Dr. Gordon Fessler for the sum of $1,587.00 plus costs. They contend: (1) the trial court lacked subject matter jurisdiction over this action, and (2) the decision of the trial court was contrary to law. Because we agree with both of appellants' allegations of error, the judgment of the trial court is reversed.

We reverse.

Dr. Gordon Fessler initially brought this action in the Ohio County Court seeking to recover for medical services rendered to Rose Moore and Harold Moore, both of

whom were deceased when this action was instigated. The Bank was the administrator of Rose Moore's estate and had served as ·executor of Harold Moore's estate until Kinnett later became the estate's administrator. Dr. Fessler contended both defendants erroneously refused to pay bills he had submitted for medical services to the Moores. We find his position untenable.

■ It is apparent to this court the claims for which Dr. Fessler was seeking recovery fell within the purview of the Indiana Probate Code since they constituted a debt or demand of a pecuniary nature which could have been enforced against the decedents in their lifetimes and reduced to a simple money judgment, *Vonderahe v. Ortman*, (1958) 128 Ind.App. 381, 146 N.E.2d 822, 147 N.E.2d 924; therefore, in order to recover on these claims, Dr. Fessler was required to comply with *Ind.Code* 29–1–14–1 which provides:

> Limitations on filing claims—Statutes of limitation—Claims barred when no administration commenced—Liens not affected—Negligence claims against estate. —(a) All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, *shall be forever barred against* the estate, *the personal representative*, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within five [5] months after the date of the first published notice to creditors. (emphasis added)

We think there is clearly evidenced a legislative intent in this statute to not merely withhold the remedy, but to take away the right of recovery where a claimant fails to present his claim as provided in the statute. *See Bahr v. Zahm*, (1941) 219 Ind. 297, 37 N.E.2d 942.

■ By the express language of this statute, Dr. Fessler had five months from the giving of notice by the executor or administrator ˙of his appointment to file

these claims. IC 29–1–14–1 is not a statute of limitations—it is a nonclaim statute and as such, it imposes a condition precedent to the enforcement of a right of action, *Russell v. Moore*, (1960) 130 Ind.App. 351, 164 N.E.2d 670, and precludes recovery when this condition is not met. Thus, the time element in this statute is a part of the right of action itself. Unless the claim was filed within the time prescribed by the statute, any right of action then existing became unenforceable. *Donnella v. Crady*, (1962) 135 Ind.App. 60, 185 N.E.2d 623, *transfer denied*, 244 Ind. 205, 191 N.E.2d 499 (1963).

> A statute of this type has been referred to as not being a statute limiting the remedy or, in other words, a statute of limitation, but as a statute constituting a denial of a right of action and imposing a condition precedent to the enforcement of such right of action.

*Otolski v. Estate of Nowicki*, (1959) 129 Ind.App. 492, 158 N.E.2d 296, 298. We also note, the rule of waiver or estoppel has no application to a nonclaim statute. *Donnella v. Crady, supra.* Claims against a decedent's estate not filed pursuant to IC 29–1–14–1 will be forever barred from being asserted against the estate.

■ Likewise, a party such as Dr. Fessler cannot seek to "revive" a claim which should have been filed against a decedent's estate by bringing an action against the executor or administrator. Dr. Fessler did not allege fraud, willful misconduct or illegality on the part of the defendants; he merely sought to recover a debt allegedly owed by the Moores. Consequently, his noncompliance with IC 29–1–14–1 precluded his recovery, and prevented any court from having jurisdiction to entertain this cause.

> 'The statute now *forbids the bringing of an action* in the ordinary form against an executor or administrator, *either personally* or in his representative capacity, on a claim due from his decedent, and all claims against a decedent's estate not filed as required by this statute, unless the claim falls within the exceptions, are barred. There is now *no other method of*

*conferring upon a court jurisdiction of such claims, except* they be filed and placed by the clerk upon the appearance docket, and if not allowed they must be transferred to the issue docket for trial.'

*In re Estate of Ropp,* (1968) 142 Ind.App. 1, 232 N.E.2d 384, 386, *quoting* 1 Grimes, Henry's Probate Law and Practice, ch. 13, § 1 (6th Ed. 1954). Thus, the Ohio County Court had no jurisdiction to hear these claims which should have been filed with the circuit court having jurisdiction over the decedents' estates,[1] and Dr. Fessler was precluded from seeking recovery against the defendants by virtue of his failure to comply with IC 29–1–14–1. *In re Estate of Ropp, supra; Donnella v. Crady, supra.*

'[T]he Indiana theory is that all claims against an individual are buried with him except those that are filed within the time provided by the nonclaim statute.'

*In re Estate of Ropp, supra, quoting* 1 Grimes, Henry's Probate Law and Practice, ch. 14, § 3, p. 440 (6th Ed. 1954).

The judgment of the trial court is reversed.

MILLER, P. J., and YOUNG, J., concur.

---

1. We note, the county courts have no jurisdiction in matters pertaining to probate. Ind.Code 33–10.5–3–2; 33–4–4–3.