**SOUTH BEND CLINIC,**
**Plaintiff-Appellant,**

v.

**ESTATE OF Frank S. RUFFING, Jr.,**
**Defendant-Appellee.**

**No. 50A03–8605–CV–00137.**

Court of Appeals of Indiana,
Third District.

Dec. 23, 1986.

Richard A. Nussbaum, II, Krisor & Nussbaum, South Bend, for plaintiff-appellant.

Fred R. Jones, Goodrich, Jones & Huff, Plymouth, for defendant-appellee.

GARRARD, Judge.

Plaintiff-appellant, South Bend Clinic (Clinic) rendered medical services in the amount of $7,910.00 to Edna Ruffing, the wife of Frank S. Ruffing, Jr. Mrs. Ruffing subsequently died and her estate was opened June 14, 1983. The total liabilities of the estate far exceeded the estate's assets. Consequently, Mrs. Ruffing's estate proposed a pro rata distribution to the creditors. The Clinic received $579.63. The Clinic did not, however, file a statement of claim with the court in which Mrs. Ruffing's estate was being administered.

Frank S. Ruffing, Jr. died November 23, 1984. His estate was opened November 30, 1984, and the Clinic timely filed a claim for the balance of medical expenses incurred by Mrs. Ruffing. This claim was disallowed and placed on the trial and issue docket. Thereafter, Mr. Ruffing's estate filed a motion for summary judgment, alleging that the Clinic's claim was forever barred because it failed to file a claim in Mrs. Ruffing's estate. On cross motion for summary judgment, the Clinic argued that under Indiana law, spouses are jointly liable for medical expenses. It was, therefore, entitled to separately pursue an action against Mr. Ruffing for the services rendered to his spouse.

On February 6, 1986, the Marshall Circuit Court entered summary judgment in favor of the Estate of Frank S. Ruffing, Jr. and against the South Bend Clinic. We affirm.

The standard of review of a summary judgment requires this court to ascertain that no genuine issue of material fact exists and that the law was correctly applied to the facts of the case. *Siddall v. City of Michigan City* (1985), Ind.App., 485 N.E.2d 912, 913. Here, the parties agree that no question of fact exists; instead, the South Bend Clinic alleges that the trial court erroneously applied the law. Specifically, the Clinic claims that in *Memorial Hospital v. Hahaj* (1982), Ind.App., 430 N.E.2d 412 this court decreed that spouses are jointly liable for the medical expenses furnished to either spouse.

At common law, the wife's legal identity merged with that of her husband. The effect was to place the wife under a number of legal disabilities. Her husband was entitled to the possession and the profits of her property. She could not enter con-

tracts, and there were restrictions on her ability to litigate. *See Henneger v. Lomas* (1896), 145 Ind. 287, 44 N.E. 462.

However, the Married Woman's Act abolished many of these legal disabilities. *See* IC 31–1–9–1. A married woman may now acquire and hold property and she may enter into contracts in her own behalf. She may litigate without restriction, and she is liable for the torts which she commits. *See* IC 31–1–9–2 and 4. Nevertheless, even after the Married Woman's Act, the common law rule that a husband is liable for his wife's necessaries, including her medical expenses, continued in most jurisdictions. *See* 20 A.L.R. 4th 196, 201. Indiana was one of these jurisdictions. *See City of Terre Haute v. Pigg* (1940), 108 Ind.App. 68, 27 N.E.2d 137.

■ In *Memorial Hospital v. Hahaj, supra,* while recognizing that marriage is a shared enterprise "akin to a partnership" this court nevertheless expressed its preference for a gender neutral approach. Judge Staton espoused the following rule:

"The spouse incurring the medical expenses, whether husband or wife, is primarily liable for those expenses. If the property of that spouse should prove insufficient, then the financial resources of the marital relationship [are] secondarily liable for those expenses."

*Id.* at 416. This does not mean that spouses are jointly liable for medical expenses as the Clinic claims. Instead, it means that a creditor must first seek satisfaction from the income and property of the spouse who incurred the debt. Only if those resources are insufficient may a creditor seek satisfaction from the other income and property of the marital relationship. *See Jersey Shore Medical Center-Fitkin Hospital v. Estate of Baum* (1980), 84 N.J. 137, 417 A.2d 1003.

■ Since it was Mrs. Ruffing who incurred the medical expenses, the South Bend Clinic first had to seek satisfaction from her income and property. Further-

more, since the claim the Clinic is seeking to recover constitutes a debt or demand of a pecuniary nature which could have been enforced against Mrs. Ruffing in her lifetime and reduced to a simple money judgment, it falls within the purview of the Indiana Probate Code. *Rising Sun State Bank v. Fessler* (1980), Ind.App., 400 N.E.2d 1164, 1166. Accordingly, in order to recover on this claim, the Clinic was required to comply with IC 29–1–14–1. *Id.*

IC 29–1–14–1 provides that:

"(a) All calims against decedent's estate other than expenses of administration and claims of the United States, and of the State and any sub-division thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the Court in which such Estate is being administered within:

(1) Five (5) months after the date of the first published Notice to Creditors...."

■ This section is not a statute of limitations, it is a nonclaim statute. It imposes a condition precedent to the enforcement of a right of action and precludes recovery when the condition is not met. *Pasley v. American Underwriters, Inc.* (1982), Ind. App., 433 N.E.2d 838. Unless the claim is filed within five months as prescribed by the statute, any right of action will be forever barred. *Rising Sun v. Fessler, supra,* at 1166.[1] Thus, the time element is part of the right of action itself. *Id.*

In this case, it is undisputed that the South Bend Clinic did not file a claim in the court in which Mrs. Ruffing's estate was being administered. Therefore, any right of action the Clinic had against Mrs. Ruffing became unenforceable five months after the date of the first published notice to creditors. Consequently, the Clinic had no

---

1. There are certain exceptions to the necessity of filing a claim within five months. *See* IC 29–1–14–1(e) and (f). However, the claim for which the Clinic is seeking recovery does not fall within any of these exceptions.

enforceable right of action to assert against Mr. Ruffing's estate. The trial court correctly entered summary judgment in favor of Mr. Ruffing's estate.

■ In the alternative, the Clinic argues that it was not required to file a claim against Mrs. Ruffing's estate since it received $579.63. It cites IC 29–1–14–2 for the proposition that "no statement of claim need be filed as provided in this section as to those claims which are paid by the personal representative." However, this section does not eliminate the need to file a claim when only partial payment has been received. This section of the code gives the personal representative the right to pay claims within the time limits without requiring that such claim be filed with the clerk.[2] It was a codification of prior case law. *See Wysong v. Nealis* (1895), 13 Ind. App. 165, 41 N.E. 388. The receipt of partial payment does not eliminate the requirement of filing a claim.

The Clinic also argues that since there were no assets in Mrs. Ruffing's estate, the filing of a claim was not necessary. It claims that the law does not require the doing of a vain or useless act. Under the circumstances, the filing of a claim after receipt of only partial payment was not a useless act. IC 29–1–17–14 provides for the reopening of an estate upon the discovery of any other property of the estate. However, it provides that "no claim which is already barred can be asserted in the reopened administration." IC 29–1–17–14(a). Therefore, unless the Clinic filed a claim as required by statute, it would be barred from satisfying the remainder of its claim from any newly discovered assets of the estate. Moreover, as stated above, upon receipt of only partial payment, the filing of a claim was required to preserve an enforceable right of action as to the remaining balance. Thus, the filing of a claim under these circumstances would not have been a vain act.

■ Finally, the Clinic argues that the doctrine of equitable estoppel should apply

because Mrs. Ruffing's estate represented that it was insolvent. The argument ignores the fact that IC 29–1–14–1 is not a statute of limitations, it is a nonclaim statute. As stated in *Donnella v. Crady* (1962), 135 Ind.App. 60, 63–4, 185 N.E.2d 623, 625:

"The rule of waiver or estoppel has no application to a nonclaim statute. As pointed out above, the time element in a nonclaim statute is a part of the right of action itself and is not a defense. Such statutes are not extended by the disability, fraud or misconduct of the parties. The time to act cannot be waived by the parties or lengthened by the court. Unless the claim is filed or the action thereon brought within the time prescribed by said statute, any right of action then existing becomes unenforceable and the claim or action is forever barred."

Thus, the rule of waiver or estoppel has no application to this statute, and the trial court correctly entered summary judgment against the South Bend Clinic.

We affirm.

STATON, P.J., and HOFFMAN, J. concur.

2. *See* Official Comments IC 29–1–14–2 (1975).