Sherman Richard McEWEN and Darcy Louise McEwen, Appellants (Plaintiffs Below),

v.

Mary McEWEN n/k/a Mary Ziegelmaier, Appellee (Defendant Below).

No. 37A03–8712–CV–00335.

Court of Appeals of Indiana, Third District.

Oct. 18, 1988.

---

Laura J. Wyatt, Merrillville, Cox, Goodman, Levun, Cohen & Brett, Northfield, for appellants.

Steven R. Crist, Debra Lynch Dubovich, Highland, for appellee.

STATON, Judge.

Sherman R. and Darcy L. McEwen (the McEwens) appeal from the trial court's order granting summary judgment to the defendant, Mary Ziegelmaier McEwen (Mary). Between them, the parties have raised five issues for our review; however, we have consolidated and restated those issues as follows:

1. Whether the trial court erred by failing to designate the issues or claims upon which it found no genuine issue as to any material facts as required

by Ind.Rules of Procedure, Trial Rule 56(C).

2. Whether any one or all of Mary's affirmative defenses entitled her to judgment as a matter of law.

3. Whether the instant appeal is devoid of all plausibility thereby entitling Mary to punitive damages.

Affirmed.

The McEwens are the children of Sherman E. McEwen (Sherman). In 1969, Sherman divorced their mother and later married Mary Ziegelmaier. The divorce decree, entered of record in the Lake Superior Court, Lake County, Indiana, provided, in part, as follows:

### Mansards Apartment Complex

1. Mansards–Griffith, Indiana—Lake County Trust Company Trust No. 1253.

The ownership of the parties [sic] interest in the Mansards Apartment Complex ... is set forth in the Trust Agreement ... attached hereto ... The beneficial interest of SHERMAN under the terms and provisions of said Trust is fifteen percent (15%) of the whole, and likewise the interest of JOAN is fifteen percent (15%) of the whole ... During the respective lifetime of each of the parties, each shall have the right to deal with his and her respective interest in said Trust as he or she shall in his or her sole discretion determine, but *in the event that either of the parties shall die retaining a beneficial interest under the terms and provisions of said Trust, the said interest shall be held for the benefit of the children of the parties as aforesaid, under the terms and provisions of a testamentary trust to be established by the respective parties within a reasonable time after the effective date of this agreement....*

Record at pages 145–146. (Emphasis added.)

In 1980, Sherman died, retaining a 14.85 percent beneficial interest in the land trust described in the divorce decree. His estate was opened in the Lake Superior Court.[1]

Sherman's will, admitted into probate, did not specifically dispose of his interest in the land trust. Instead, the will provided as follows:

IV. I give all my residuary estate, being all real and personal property wherever situated in which I may have any interest at the time of my death not otherwise effectively disposed of, ... as follows:

A. 1. I give a one-sixth (⅙) share to my daughter.... and a one-sixth (⅙) share to my son....

\*      \*      \*      \*      \*      \*

[3.]b. I give the remaining two-thirds (⅔) share to my wife, MARY C. [Ziegelmaier] McEWEN....

Record at pages 99–100.

During the probate proceeding, the McEwens entered the entire divorce decree into the probate record to justify their claims for education, transportation, medical, and dental expenses. However, they did not ask the court to distribute Sherman's interest in the land trust in the manner set forth in the divorce decree. Thus, after the McEwen's claims and the claims of other creditors were paid, Sherman's estate was distributed pursuant to the will and the McEwens together received one-third and Mary received two-thirds of Sherman's interest in the land trust.

The court accepted the final accounting and the estate was closed on August 31, 1982. Then, on February 6, 1987, the McEwens brought this action against Mary, claiming unjust enrichment and conversion and seeking the imposition of a constructive trust. They claim that at the time of the probate proceeding, they were not aware of the terms of the divorce decree regarding the land trust. They now seek to recover Mary's two-thirds share of

---

**1.** The McEwens do not claim they had no notice of the probate proceeding. Indeed, they participated in the proceeding, took under the will,

Sherman's interest in the land trust.[2]

In her answer, Mary raised three affirmative defenses. After a hearing, the trial court granted summary judgment in Mary's favor.

## I.

### T.R. 56(C)

■ T.R. 56(C) provides, in pertinent part:

... The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts....

However, the trial court's order stated only "that there is no genuine issue as to any material fact, and that said Defendant is entitled to a judgment as a matter of law." Record at page 260(B).

In *Shortridge v. Platis* (1984), Ind.App., 458 N.E.2d 301, *trans. denied,* the Court held that while there are compelling reasons for trial courts to set forth in writing the reasons for granting summary judgment, trial courts should not be forced to explain reasons that are apparent in the record. Thus, failure to make specific findings is not fatal to the judgment. *Id.* at 306. Further, in *Meier v. Pearlman* (1980), Ind.App., 401 N.E.2d 31, *cert. denied,* 449 U.S. 1128, 101 S.Ct. 948, 67 L.Ed.2d 115 the Court held that the T.R. 56(C) requirement applies only when summary judgment is granted on fewer than all of the issues. *Id.* at 35.

The McEwens acknowledge *Shortridge* but argue that, here, the reasons for the trial court's decision are not apparent, that the case involves numerous issues, and that by not designating the basis for its decision, the trial court has left them uninformed and inadequately prepared for appeal.

We hold that the trial court did not err by failing to designate the legal basis for its order. While the McEwens fear the generalness of the order left them unable to fully argue their appeal, they did indeed adequately address each affirmative defense in their brief. Thus, while the McEwens ask that the case be remanded to the trial court with directions to enter specific reasons for its decision, we decline to do so.

## II.

### Affirmative Defenses

It should first be noted that "[t]he standard of review applied by the courts of appeal is the same as that of the lower courts; summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Shortridge, supra,* at 303. Summary judgment is a procedure for applying the law to the facts when, as here, no factual controversy exists. *Id.* at 304.

Mary first contends that the McEwens' complaint against her is barred by IC 29-1-14-1, and IC 29-1-1-21. We agree.

IC 29-1-14-1(a)(1) provides:

All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, *shall be forever barred against* the estate, the personal representative, *the* heirs, *devisees* and legatees of the decedent, unless filed with the court in which such estate is being administered within ... [f]ive [5] months after the date of the first published notice to creditors.... (Emphasis added.)

■ It is undisputed that the McEwens did not file a claim against Sherman's estate seeking all of Sherman's interest in the land trust as provided by the divorce decree. It is also undisputed that the McEwens brought this action nearly five

---

and successfully pursued claims for education, transportation, medical, and dental expenses.

2. The McEwens also brought actions against the executor of Sherman's estate, the attorney who represented them at the probate proceeding, and others. However, such actions are not before the Court at this time.

*years* after Sherman's estate was closed. IC 29-1-14-1 is not a statute of limitations. It is a nonclaim statute and, as such, it imposes a condition precedent to the enforcement of a right of action, *Russell v. Moore* (1960), 130 Ind.App. 351, 164 N.E.2d 670, 673, and precludes recovery when this condition is not met. The time element in the statute is a part of the right of action itself. *Rising Sun State Bank v. Fessler* (1980), Ind.App., 400 N.E.2d 1164, 1166.

■ Likewise, the McEwens cannot seek to "revive" a claim which should have been filed against a decedent's estate by bringing an action against a devisee. They do not allege fraud, willful misconduct, or illegality on the part of Mary; they merely seek to recover from her now what they should have sought to recover from the estate during the probate proceeding. *See Rising Sun, supra.*[3]

3. Under IC 29-1-1-3 (Supp.1987), "claims" against an estate include the following: *"liabilities of a decedent which survive,* whether arising *in contract* or in tort or otherwise, funeral expenses, the expense of a tombstone, expenses of administration, and all estate and inheritance taxes." (Emphasis added.)

A property settlement agreement which is incorporated into a court approved final divorce decree is a binding contract. *Duran v. Komyatte* (1986), Ind.App., 490 N.E.2d 388, 392, *trans. denied.*

4. To apply the doctrine of res judicata, Indiana courts have consistently required the following elements:

(1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit; and (4) judgment in the former suit must have been rendered on the merits. *Moxley v. Indiana Nat'l Bank* (1983), Ind.App., 443 N.E.2d 374, 377, *trans. denied.* The McEwens claim that the absence of Element No. 3 precludes the application of res judicata. They cite *Whitesell v. Strickler* (1906), 167 Ind. 602, 78 N.E. 845, *reh. denied,* where the Court held that a judgment against two co-defendants in a probate proceeding did not operate as res judicata to bar a subsequent civil action between them.

It should be noted, however, that in *Whitesell, id.,* the parties were not adversaries in the first cause. In the first cause, a determination was

■ The McEwens' complaint is also barred by IC 29-1-1-21, which provides, in pertinent part:

For ... mistake, *upon application filed within one [1] year after the discharge of the personal representative upon final settlement,* the court may vacate or modify its orders, judgments and decrees or grant a rehearing therein.... (Emphasis added.)

Mary also contends the McEwens' complaint against her is barred by res judicata and equitable estoppel. However, because we find that their complaint is barred by IC 29-1-14-1 and IC 29-1-1-21, we need not address those contentions.[4]

### III.

### *Punitive Damages*

■ Mary contends that the McEwens' appeal is devoid of all plausibility, thereby entitling her to punitive damages.

made only as between the plaintiff and the defendants; no determination was made as between the defendants themselves.

Here, the probate judge did indeed make certain determinations as between Mary and the McEwens. He directed that two-thirds of Sherman's interest in the land trust go to Mary and that one-third of that interest go to the McEwens. He directed that the McEwens' claims for education, transportation, medical, and dental expenses be taken from the estate. The thrust of the whole proceeding was to determine what share of Sherman's estate Mary and the McEwens were each to receive. Thus, the parties were in an adversarial position to each other in the probate proceeding, and the doctrine of res judicata does apply.

The doctrine of equitable election with respect to wills is also applicable here. The doctrine creates an obligation upon a beneficiary under a will to "elect" between two inconsistent rights or claims which have been created by the will or by law. *Citizens Nat'l Bank of Whitley County* (1980), Ind.App., 408 N.E.2d 587, 590, *reh. denied.* If a testator by his will assumes to dispose of the property of another person who is also made a beneficiary under the will, such person's acceptance of the will is a confirmation of its terms and operates to estop such person from objecting to the disposition of his own property. *See id.*

It should be noted that neither of the McEwens were incompetent under IC 1953, 29-1-18-1 (Burns Code Ed., Supp.1988), during the probate proceeding. The McEwens were 20 and 23 at the time of Sherman's death and 22 and 25 at the close of the estate.

In *Orr v. Turco Manufacturing Co., Inc.* (1987), Ind., 512 N.E.2d 151, the Indiana Supreme Court held, for the first time, that appellate fees may be imposed as a part of the costs on appeal according to Ind.Rules of Procedure, Appellate Rule 15(G).

A.R. 15(G) provides:

If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten percent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution.

However, the Court held that punitive sanctions may not be imposed to punish lack of merit unless an appellant's contentions and argument are utterly devoid of all plausibility. *Id.* at 153. "Plausibility" is defined as follows: "The quality or state of apparent validity, reasonableness, or credibility; and without any connotation of deceptiveness, speciousness, or underlying fallaciousness." *Id.* (Footnote 3.)

Here, there is no indication of bad faith, frivolity, harassment, vexatiousness, or purpose of delay. Thus, punitive sanctions are not justified. *See also Posey v. Lafayette Bank & Trust Co.* (1987), Ind., 512 N.E.2d 155, *cert. denied,* —— U.S. ——, 108 S.Ct. 1292, 99 L.Ed.2d 502 and *Lesher v. Baltimore Football Club* (1987), Ind., 512 N.E.2d 156.

The McEwens' complaint against Mary is barred by IC 29–1–14–1 and IC 29–1–1–21, thus, Mary is entitled to judgment as a matter of law.

Affirmed.

SHIELDS, P.J., and HOFFMAN, J., concur.