Paul F. Shappell, Whiteman, Shappell & Burkett, Portland, for appellant.

Jack E. Roebel, Fort Wayne, for appellee.

Bonnie AKER, Appellant
(Defendant Below),

v.

FORT WAYNE UROLOGY
CORPORATION, Appellee
(Plaintiff Below).

No. 02A03–9003–CV–79.

Court of Appeals of Indiana,
Third District.

Nov. 19, 1990.

HOFFMAN, Presiding Judge.

Appellant Bonnie Aker appeals a summary judgment in favor of Fort Wayne Urology Corporation. The facts indicate that Fort Wayne Urology provided medical services for Bonnie Aker's husband, Richard Aker, in September 1988. Richard Aker died in January 1989 and all of his property transferred to his wife, Bonnie Aker. Fort Wayne Urology sought judgment against Bonnie Aker in small claims court on May 23, 1989. On January 26, 1990, the trial court granted summary judgment in favor of Fort Wayne Urology in the amount of $931.70.

Appellant admitted that no genuine issue of fact exists and this matter should be

decided as a matter of law. Appellant contends Indiana law should be reformulated.

The rule governing this case states:

"The spouse incurring the medical expenses, whether husband or wife, is primarily liable for those expenses. If the property of that spouse should prove insufficient, then the financial resources of the marital relationship [are] secondarily liable for those expenses." *Memorial Hospital v. Hahaj* (1982), Ind.App., 430 N.E.2d 412, 416. *See also Allstate Ins. Co. v. Boles* (S.D.Ind.1984), 587 F.Supp. 807, 813.

This means that a creditor must first seek satisfaction from the income and property of the spouse who incurred the debt. Only if those resources are insufficient may a creditor seek satisfaction from the other income and property of the marital relationship. *South Bend Clinic v. Estate of Ruffing* (1986), Ind.App., 501 N.E.2d 1114, 1116.

In this case, Richard Aker incurred debt from medical treatment; after he died, all of his property transferred to his wife, Bonnie Aker, who is secondarily liable for the incurred medical debt of her deceased husband. Appellant's argument for a change in the law is unpersuasive.

Affirmed.

STATON, J., concurs.

CHEZEM, J., concurs with opinion.

CHEZEM, Judge, concurring.

I concur in the majority's opinion, but would also take the opportunity to set forth an exception to the general rule that "[t]he spouse incurring the medical expenses, whether husband or wife, is primarily liable for those expenses, [and] [i]f the property of that person should proved insufficient, then the financial resources of the marital relationship is secondarily liable for those expenses." *See, Memorial Hospital v. Hahaj* (1982), Ind.App., 430 N.E.2d 412, 416. The exception would apply in situations where one spouse incurs expenses or debt without the other spouse's knowledge, and where one spouse makes misrepresentations about it to the other, i.e. fraud. Such an exception would offer a measure of protection to spouses who have been taken advantage of, lied to, or abused by their partners with respect to such financial matters.