# FOR PUBLICATION



FILED
Jun 21 2013, 5:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**J. TODD SPURGEON**
**CRYSTAL G. ROWE**
Kightlinger & Gray, LLP
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**CARA W. STIGGER**
**KERSTIN SCHUHMANN**
Kaufman, Stigger & Hughes
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| JOHN M. MAYER, JR., as Special Administrator of the Estate of PAIGE R. WINN, Deceased, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  22A01-1212-CT-570 |
| | ) | |
| MICHAEL W. DAVIS, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD CIRCUIT COURT
The Honorable J. Terrence Cody, Judge
Cause No. 22C01-0909-CT-1962

**June 21, 2013**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

On October 12, 2007, Appellee-Plaintiff Michael Davis was injured when the vehicle he was driving collided with a vehicle that was being driven by Paige Winn. Winn subsequently died of unrelated causes. On September 25, 2009, Davis filed a civil suit against Winn's Estate, claiming to have suffered personal injuries and lost employment wages as a result of the October 12, 2007 automobile accident. Following a two-day jury trial, the jury awarded Davis $60,000, and the trial court entered a judgment reflecting this amount. Soon thereafter, Winn's Estate filed a motion to amend the judgment, claiming that Davis's recovery was limited to the funds available under Winn's insurance liability policy because, pursuant to the time limitations set forth in the probate code, Davis failed to timely file his claim against Winn's Estate. The trial court denied this motion.

We conclude that Davis's claim against Winn's Estate was not filed in a timely manner, and, as a result, Davis is barred from recovering any funds from the Estate. Davis's recovery is limited to funds recovered from Winn's insurance carrier in the amount of Winn's insurance liability policy limits. However, the trial court did not abuse its discretion in denying the motion to amend the judgment because the judgment is a valid judgment despite the fact that the excess judgment cannot be collected from Winn's Estate. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 12, 2007, Davis and Winn were involved in an automobile accident. At the time of the accident, Winn was insured by Affirmative Insurance Company. Winn died on June 8, 2008, from causes unrelated to the October 12, 2007 automobile accident.

2

Davis requested that the trial court open an estate for Winn. The trial court granted this request. On September 25, 2009, Davis filed a complaint against Winn's Estate ("the Estate") claiming that Winn negligently operated her automobile, resulting in the collision of Winn's vehicle with the vehicle driven by Davis.[1] Davis claimed to have sustained personal injuries and lost wages as a result of the accident.

The case was tried before a jury on August 27 and 28, 2012. Following trial, the jury returned a verdict in favor of Davis in the amount of $60,000. On August 29, 2012, the trial court entered judgment on the jury verdict.

On September 19, 2012, the Estate filed a "Motion to Correct Error/Motion to Amend Judgment." Appellant's App. p. 31. In this motion, the Estate alleged that because Davis failed to file his claim against the Estate within the time limitation set forth in the probate code, he could not recover any funds from the Estate, and his recovery was limited to the amount available under Winn's insurance liability policy. On November 14, 2012, the trial court denied the Estate's motion to amend the judgment. This appeal follows.

## DISCUSSION AND DECISION

### I. Whether the Trial Court Erred in Considering the Estate's Motion as a Trial Rule 60(B) Motion

Initially, we note that Davis claims that the trial court erred in considering the Estate's motion to amend the judgment because the Estate was not entitled to relief under either Trial Rule 50 or 59. For its part, the Estate argued both during the hearing before the trial court

---

[1] Davis subsequently amended his complaint to add two additional defendants. The claims against these additional defendants were dismissed prior to trial.

and on appeal that its motion to amend the judgment was proper under Trial Rule 59. The Estate also acknowledged that the motion might more appropriately be considered as a motion for relief under Trial Rule 60(B) and requested that the trial court treat it as such during the hearing conducted by the trial court. "[W]e have frequently held that where the purpose of a rule is satisfied, this court will not elevate form over substance." *Parham v. Parham*, 855 N.E.2d 722, 727 (Ind. Ct. App. 2006), *trans. denied*. The motion contained all information necessary for the court to consider it as a motion for relief under Trial Rule 60(B), and, as such, we will not elevate the form of identifying the wrong trial rules in the motion over the substance of the motion.

Furthermore, the standard of review on appeal is the same regardless of whether the Estate's motion to amend the judgment is treated as a motion to correct error or a motion for relief under Trial Rule 60(B). *See Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 72 (Ind. 2006) (providing that a grant of equitable relief under Indiana Trial Rule 60 is within the discretion of the trial court); *French v. French*, 821 N.E.2d 891, 895 (Ind. Ct. App. 2005) (providing that a trial court has the discretion to grant or deny a motion to correct error). We will reverse the judgment of the trial court only upon a showing that the trial court abused its discretion in denying the motion. *See Markley*, 856 N.E.2d at 72; *French*, 821 N.E.2d at 895. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *French*, 821 N.E.2d at 895.

## II. Whether Davis Can Recover From the Estate

4

In challenging the trial court's denial of its motion to amend the judgment, the Estate contends that the portion of the judgment in excess of Winn's insurance policy limits is void because Davis's claim against the Estate was not filed within the permissible timeframe set forth in Indiana Code section 29-1-14-1.

## A. Indiana Code § 29-1-14-1

With respect to claims against the estate of a deceased individual, Indiana Code section 29-1-14-1 provides, in relevant part, as follows:

(a) Except as provided in IC 29-1-7-7, all claims against a decedent's estate, other than expenses of administration and claims of the United States, the state, or a subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court in which such estate is being administered within:
> (1) three (3) months after the date of the first published notice to creditors; or
> (2) three (3) months after the court has revoked probate of a will, in accordance with IC 29-1-7-21, if the claimant was named as a beneficiary in that revoked will;
whichever is later.

\* \* \* \*

(d) All claims barrable under subsection (a) shall be barred if not filed within nine (9) months after the death of the decedent.

\* \* \* \*

(f) Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort feasor within the period of the statute of limitations provided for the tort action. A tort claim against the estate of the tort feasor may be opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of the tort. Any recovery against the tort feasor's estate *shall not affect any interest in the assets of the estate unless the suit was filed within the time allowed for filing claims against the estate.* The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions.

(emphasis added).

## B. Nonclaim Statute vs. Statute of Limitations

"[Indiana Code section 29-1-14-1] is not a statute of limitations." *McEwen v. McEwen*, 529 N.E.2d 355, 359 (Ind. Ct. App. 1988). "It is a nonclaim statute and, as such, it imposes a condition precedent to the enforcement of a right of action … and precludes recovery when this condition is not met." *Id.* "The time element in the statute is a part of the action itself." *Id.*

> A statute which provides a right of action may also mandate the appropriate procedure for claiming the right. The procedure by which one avails himself of the right of action becomes part of that substantive right.
>> "The statute is an offer of an action on condition that it be commenced within the specified time, and if the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist and the defendant is exempt from liability." 51 AM.JUR.2D, supra § 15; see also HENRY, supra ch. 16 § 1 at 240.

*Burnett v. Villaneuve*, 685 N.E.2d 1103, 1107-8 (Ind. Ct. App. 1997). The time limitations set forth in Indiana Code section 29-1-14-1 display a clear "legislative intent … to not merely withhold the remedy, but to take away the right of recovery where a claimant fails to present his claim as provided in the statute." *Rising Sun State Bank v. Fessler*, 400 N.E.2d 1164, 1166 (Ind. Ct. App. 1980).

> The policy behind such statutory interpretation is sound. Unlike a general claim against an individual, a claim against an estate is against a finite, ascertainable sum of assets. Oftentimes, claims against an estate will exceed the assets of the estate, and the competing parties will receive less than the full amount to which they are entitled. This division of assets is not possible until such time as the personal representative is made aware of all the claims against an estate. Therefore, a time limit for claims is appropriate and in order to

6

achieve its purpose is made absolute. When the time limit has expired, the personal representative should be able to divide the estate's assets to satisfy the property interests of all of the creditors. If creditors were to be allowed to file a claim after the cutoff date, for any reason, a final resolution of the matters of the estate would be impossible.

*Burnett*, 685 N.E.2d at 1108.

"While an ordinary statute of limitation may be waived and is subject to equitable tolling, a nonclaim statute is not. *Id*. at 1107.

A nonclaim statute has been described as one which "creates a right of action and has inherent in it the denial of a right of action. It imposes a condition precedent-the time element which is a part of the action itself." *Wawrinchak v. United States Steel Corp.* (1971) 148 Ind. App. 444, 267 N.E.2d 395.
"A distinction exists between statutes of limitation and special statutory limitations qualifying a given right in which time is made an essence of the right created and the limitation is an inherent part of the statute out of which the right in question arises, so that there is no right of action whatever independent of the limitation; a lapse of the statutory period operates, therefore, to extinguish the right altogether." 54 C.J.S.2D Limitations of Actions § 4 (1987).
*See* also 51 AM.JUR.2D Limitations of Actions § 15 (1970) ("the limitation of time for commencing an action under a statute creating a new right enters into and becomes a part of the right of action itself and is a limitation not only of the remedy but of the right also.")

*Id*.

## C. Analysis

The Estate argues that the trial court abused its discretion by not amending the judgment to reflect the fact that Davis's recovery is limited to the amount available under Winn's insurance liability policy in light of Davis's failure to open an estate and assert his claim against the Estate within nine months of Winn's death. In support, the Estate relies on the plain language of Indiana Code section 29-1-14-1. The Estate also relies on the Indiana

Supreme Court's opinion in *Indiana Farmers Mutual Insurance Co. v. Richie*, 707 N.E.2d 992 (Ind. 1999).

In *Richie*, the Indiana Supreme Court considered the timeliness of a tort claim filed against the estate of a deceased individual. The tort claim arose from an automobile accident which occurred on October 16, 1994. *Richie*, 707 N.E.2d at 992. The deceased individual died on the day of the accident. *Id*. Exactly two years later, on October 16, 1996, Richie filed a "complaint for personal injuries" naming the deceased as a defendant. *Id*. at 993. The deceased's automobile liability insurance carrier, Indiana Farmers Mutual Insurance Co. ("Farmers Mutual"), subsequently requested permission to intervene. *Id*. Farmers Mutual moved for summary judgment, claiming that Richie's claim was barred because he failed to bring a claim against the deceased's estate within the time limit set forth under the probate code. *Id*. On February 7, 1997, nearly three months after Farmers Mutual filed its motion for summary judgment, Richie asked the trial court to open an estate for the deceased and moved to amend his complaint to include the estate. *Id*. The trial court granted Richie's motion to amend his complaint, denied Farmers Mutual's motion for summary judgment, and certified its order for interlocutory appeal. *Id*.

Upon review, the Indiana Supreme Court held that pursuant to Indiana Code section 29-1-14-1(f), an injured person may bring a tort claim against the estate of a deceased tortfeasor so long as the action is filed within the period allowed by the applicable statute of limitations. *Id*. at 995. However, the Indiana Supreme Court further held that any recovery by the claimant is limited to the recovery of the deceased tortfeasor's available insurance

8

liability proceeds if the tort claim was not brought within the time limits set forth in Indiana Code section 29-1-14-1. *Id.* In reaching this holding, the Indiana Supreme Court observed:

> The statute makes clear that the administration of the estate cannot be disturbed by a Johnny-come-lately tort suit because such a suit cannot reach the assets of the estate. If that is the case there seems to be no reason why a suit involving *only* insurance proceeds should not proceed as a normal tort suit uncomplicated by the Probate Code.

*Id.* (emphasis added).

In the instant matter, the record clearly demonstrates that Davis failed to either request that the trial court open an estate for Winn or file a claim against the Estate within the permissible timeframe set forth in Indiana Code section 29-1-14-1(d). As a result, Davis is barred from recovering any funds from the Estate. However, pursuant to the clear language of Indiana Code section 29-1-14-1(f) and the Indiana Supreme Court's holding in *Richie*, Davis may recover the funds available under the limits of Winn's insurance liability policy from Winn's insurance carrier.

### III. Whether the Trial Court Abused its Discretion in Denying the Estate's Motion to Amend the Judgment to Reflect the Applicable Policy Limits

Having concluded that Davis is barred from recovering from the Estate, and, as a result, is limited to recovering the available policy limits from Winn's insurance carrier, we next turn our attention to the Estate's claim that the trial court abused its discretion in denying the Estate's request to amend the judgment to reflect only the amount available under the applicable policy limits. Despite the Estate's contention to the contrary, upon review, we cannot conclude that the trial court abused its discretion in denying the Estate's motion to amend the judgment because the judgment itself is valid despite the fact that any

9

portion of the judgment that is in excess of Winn's insurance liability policy limits cannot be recovered from the Estate. The Estate has pointed to no authority suggesting that a judgment is void merely because it is unenforceable, and we find none. Accordingly, we affirm the trial court's order denying the Estate's motion to amend the judgment.[2]

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.

---

[2] We note that the parties spend a significant portion of their respective arguments discussing the applicability of this court's opinion in *Pistalo v. Progressive Casualty Insurance Co.*, 983 N.E.2d 152 (Ind. Ct. App. 2012), *trans. denied*. In *Pistalo*, the claimant failed to file a timely claim against the deceased's estate. 983 N.E.2d at 155. The deceased's estate, however, subsequently assigned to Pistalo its interest in the recovery of potential proceeds from the deceased's insurance carrier. *Id*. at 156. Pistalo brought suit against the deceased's insurance carrier, alleging that the insurance carrier had committed a bad faith failure to settle at policy limits. *Id*. This court found that the assignment was valid and that Pistalo could bring suit against the insurance carrier, and, upon a showing of bad faith, the insurance carrier would be liable for the excess judgment in its entirety. *Id*. at 160. *Pistalo*, however, is not applicable to and is easily distinguishable from the instant matter. Unlike in *Pistalo*, the instant appeal stems from a suit against the deceased tortfeasor's estate seeking to establish liability on behalf of the deceased tortfeasor. It does not raise a claim of bad faith against Winn's insurance carrier, and the record does not include any evidence relating to settlement discussions or bad faith by the deceased's insurance carrier.