DONNELLA, ADMINISTRATRIX, ETC. *v.* CRADY.

[No. 19,554. Filed October 29, 1962. Rehearing denied November 16, 1962. Transfer denied July 3, 1963, with opinion in 191 N. E. 2d 499.]

*John D. Raikos* and *Steers, Klee, Jay & Sullivan,* both of Indianapolis, for appellant.

*Nieter, Smith, Blume & Wyneken,* of Fort Wayne, for appellee.

COOPER, P. J.—This matter comes to us from the Marion County Probate Court from a verdict and judgment in favor of the appellee herein for personal injuries sustained in an automobile accident and against one June Donnella, Administratrix de bonis non of the estate of Clarence B. Snyder, deceased.

It appears from the record now before us that after trial by jury, judgment was entered upon their verdict and thereafter, within the proper time, the appellant filed a motion for a new trial containing one hundred and fifteen (115) averred specifications of error. Thereafter, the trial court overruled said motion, and this appeal followed.

It is apparent from the record now before us that this matter must be reversed as the trial court has committed error which we will hereinafter discuss; however, we will not discuss the many other questions raised by the appellant for the reason, under such circumstances, such discussion is not necessary. See *Tribune-Star Publ. Co.* v. *Fortwendle* (1953) (T. D. 1954), 124 Ind. App. 618, 115 N. E. 2d 215, 116 N. E. 2d 548:

It appears the reversible error committed by the court as averred by the appellant is that the appellee's claim was not filed with the Probate Court of Marion County within the time required by the applicable statute. In this we are compelled to agree with the appellant, as the record affirmatively reveals that the date of the first published notice to creditors was published on the 27th day of June, 1957, and that more than six months had elapsed from the date of the first publication before

the claim was filed, the same being filed on December 31, 1957.

The applicable portion of the pertinent statute reads as follows:

> "All claims against a decedent's estate, other than expense of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six (6) months after the date of the first published notice to creditors." Burns' Ind. Stat., §7-801, 1953 Replacement.

We find the following statement made in Vol. I, Henry's Probate Law and Practice, Ch. 13, §9, p. 419, relative to §7-801, *supra;*

> " ' . . . not a statute of limitations, but a denial of right of action. . . . It imposes a condition precedent to the enforcement of a right of action, while statutes of limitation create defenses that must be pleaded and may be waived. The court is without power to extend the time.' "

The foregoing language has been quoted with approval by this court in several recent cases. See *Kuzma* v. *Peoples Trust & Savings Bank, Boonville* (1961), 132 Ind. App. 184, 176 N. E. 2d 138; *Otolski* v. *Estate of Nowicki* (1959), 129 Ind. App. 492, 158 N. E. 2d 296; *Russell, Administrator, etc.* v. *Moore* (1960), 130 Ind. App. 351, 164 N. E. 2d 670.

The foregoing type of statute is commonly known as a nonclaim statute. It grants to every person having a claim of any kind or character against a decedent's estate, the right to file the same in the court having

jurisdiction thereof and have the same adjudicated, provided such claim is filed within the time specified in the statute. Unless such claim is filed within the time so allowed by the statute, it is forever barred. The time element is a built-in condition of the said statute and is of the essence of the right of action. Unless the claim is filed within the prescribed time set out in the statute, no enforceable right of action is created.

While such statutes limit the time in which a claim may be filed or an action brought, they have nothing in common with and are not to be confused with general statutes of limitation. The former creates a right of action if commenced within the time prescribed by the statute, whereas the latter creates a defense to an action brought after the expiration of the time allowed by law for the bringing of such an action. Such defense is personal to the party for whose benefit it was created. It is not self-executing, but must be pleaded. It may be waived by the defending party or he may forfeit it by his misconduct. Equity will estop a party from setting up the statute of limitations as a defense in an action where such party by fraud or other misconduct has prevented a party from commencing his action or induced him to delay the bringing of his action beyond the time allowed by law. The time for commencing an action governed by the general statutes of limitation may thus be extended.

The rule of waiver or estoppel has no application to a nonclaim statute. As pointed out above, the time element in a nonclaim statute is a part of the right of action itself and is not a defense. Such statutes are not extended by the disability, fraud or misconduct of the parties. The time to act cannot be waived by the parties or lengthened by the court. Unless the

claim is filed or the action thereon brought within the time prescribed by said statute, any right of action then existing becomes unenforceable and the claim or action is forever barred. *Kuzma* v. *Peoples Trust & Savings Bank, Boonville, supra; Otolski* v. *Estate of Nowicki, supra; Russell, Administrator, etc.* v. *Moore, supra; Roberts* v. *Spencer, Executor* (1887), 112 Ind. 85, 13 N. E. 129; *In re Wainwright's Estate* (1941), 109 Ind. App. 214, 34 N. E. 2d 164; *Bartlett et al.* v. *Manor et al.* (1897), 146 Ind. 621, 45 N. E. 1060; *Fisher* v. *Tuller* (1889), 122 Ind. 31, 23 N. E. 523; *Bahr, Superintendent* v. *Zahm* (1941), 219 Ind. 297, 37 N. E. 2d 942; *Johnston, Admx.* v. *Wabash Valley Trust Co., Admr.* (1928), 87 Ind. App. 288, 161 N. E. 685; *State ex rel. Scherber* v. *Probate Court of Hennepin County* (1920), — Minn. —, 177 N. W. 354; Vol. I, Henry's Probate Law and Practice, 6th Ed., Ch. 13, p. 419.

It is the appellee's contention in this appeal that a fraud was perpetrated upon the attorneys for the appellee by the attorney for the personal representative in that said claim had been forwarded to the attorney for the personal representative of the decedent within the "statutory period" upon the representation that the attorney for the personal representative would immediately file said claim; that the attorneys for the appellee relied on said representation, but that the attorney for the personal representative failed to file the claim as promised within the time required by the statute. We are of the opinion that even if the aforesaid contention be true, the promise of the attorney for the personal representative could not bind the estate and the breach of such promise could not extend the time for filing the claim. As heretofore pointed out, the applicable statute is a nonclaim statute and not a statute of limitation and cannot under

any circumstances be extended beyond the time specified in the statute. See cases cited above, *supra*.

It appears from the record that the appellant's motion to strike the appellee's claim from the files was properly and timely filed and in overruling said motion, the trial court committed reversible error.

Cause reversed, with instructions for the trial court to grant the appellant's motion for a new trial and to sustain the appellant's motion to strike appellee's claim from the file.

Ax, Myers, Ryan, JJ., concur.

NOTE.—Reported in 185 N. E. 2d 623. Transfer denied 191 N. E. 2d 499.