DONNA M. MORRIS *v.* JAMES E. HARRIS, ADMINISTRATOR OF THE ESTATE OF EARNEST R. BABB, DECEASED.

[No. 1-872A44. Filed March 12, 1973. Rehearing denied April 13, 1973.]

*James H. Kelly*, of Greenfield for appellant.

*George V. Heins, Smith, Maley & Douglas*, of counsel, of Indianapolis, for appellee.

ROBERTSON, P.J.—The plaintiff-appellant (Morris) is appealing the dismissal of her negligence suit against the defendant-appellee (Babb and Babb's Administrator Harris). The dismissal was predicated upon a failure to commence the cause of action within the prescribed statute of limitations.

Morris was involved in an auto accident with Babb, an Illinois resident, on the 7th of December, 1967. On the 14th of October, 1969, she filed suit and directed that summons be served on the Secretary of State of Indiana, pursuant to the then applicable Ind. Ann. Stat. § 47-1043 (Burns 1965), IC 1971, 9-3-2-1. The registered letter sent by the Secretary of State was returned with the notation of "deceased" inscribed over the address. Subsequent events would show that Babb had, in fact, died on the 18th of March, 1968. Morris filed an affidavit to show the letter was returned unclaimed as required by the foregoing statute.

Morris petitioned the court to appoint a personal representative for Babb on the 5th of June, 1970. The court granted Morris' petition and appointed Harris as Babb's personal representative. This occurred after the two year statute of limitations as prescribed by Ind. Ann. Stat. § 2-602 (Burns 1967), IC 1971, 34-1-2-2.

In mid July, 1970, Harris filed a motion to dismiss because Babb had died prior to the filing of the complaint, therefore there was a lack of jurisdiction and an insufficiency of service of process. After some maneuvering of no consequence to this opinion, the motion to dismiss was granted.

The essence of the specifications in the overruled motion to correct errors is twofold. Did the service of process on the Secretary of State toll the statute of limitations and did the representations of Babb's insurance company adjuster and attorney estop contesting service of process under the facts of this case?

The Nonresident Operators statute addresses itself to the facts of the instant case.

> "Where such nonresident has died prior to the commencement of an action brought pursuant to this section, service of process shall be made on the executor or administrator of such nonresident in the same manner and on the same notice as is provided in the case of the nonresident himself." Ind. Ann. Stat. § 47-1043 (Burns 1965).

The most elementary issue to be resolved is the determination of the sufficiency of the service of process by Morris at the initiation of the suit. We are of the opinion process was not sufficient to stop the running of the statute of limitations.

> "One of the questions which may arise involves the sufficiency of service upon the personal representative of a deceased non-resident.
>
> The general rule is that agency is revoked by death of the principal and this rule is applicable here. The theory upon which such service is sustained is that the non-resident operator by making use of the highways of this State appoints the secretary of state as his agent. Consequently, the death of the non-resident operator before service upon him revokes such constructive agency." 2 Works' Indiana Practice § 40.2 at 386 (Lowe's Revision)

> It would therefore appear that service of process upon the Secretary of State was void because of the prior death of Babb.

While the general rule is that filing of a complaint and issuance of summons stops the running of the statute of limitations, an additional requirement of service of summons within a reasonable time appears to be present. See 1 Works' Indiana Practice § 11.2 at p. 384 (Bobbits' Revision).

We are of the opinion that the statutory authority and the case law cited in support of Morris' position are effective only when service of process is successful. This case would seem to fall into an unfortunate void beyond those authorities.

The equitable considerations raised by Morris are categorized as being under the general principles of "constructive fraud." The essence of the argument made is that the adjuster and attorney for Babb's insurance company continued to negotiate towards settlement without making mention of Babb's death.

The authority utilized, for the most part, by Morris to support a claim for equitable relief, is directed to the abatement and revival of actions upon the death of a defendant. We note that factually this case differs. Moreover, the return of the envelope marked "deceased" but Morris on notice, or should have, of a significant change in circumstances thereby substantially diluting an appeal for the intervention of equitable protection. See *Donella, Admrx.* v. *Crady* (1962), 135 Ind. App. 60, 185 N.E.2d 623. Nor do we feel that the factual situation before us calls for an application of equitable estoppel or constructive fraud as applied in *Marcum* v. *Richmond Auto Parts* (1971), 149 Ind. App. 120, 270 N.E.2d 884.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

ON PETITION FOR REHEARING.

[Filed April 23, 1973.]

ROBERTSON, P.J.—In seeking a rehearing on the decision in this case, 293 N.E.2d 202, Morris, *inter alia,* argues that the "void" referred to in the main opinion defeats the intent of the law to do an injustice. We are of the opinion that such is not the situation.

From the record before us, it would appear that the facts of this appeal lend themselves to an application of the Journey's Account Statute, which reads:

"If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated." IC 34-1-2-8, Ind. Ann. Stat. § 2-608 (Burns 1967).

In discussing the underlying purpose of such a statute, the case of *Ware* v. *Waterman* (1969), 146 Ind. App. 237, 253 N.E.2d 708, quoting approvingly from *McKinney* v. *Springer* (1851), 3 Ind. 59, holds that a plaintiff has additional time to commence an action if,

". . . the plaintiff had made an effort . . . by commencing an action within the limited time, but, owing to some error in the mode or form in bringing his suit, or in the proceedings, a proper judgment could not be rendered, and while he was prosecuting such an erroneous action

the statute of limitations had run out. . . ." 253 N.E.2d, at 713.

The motion for rehearing is denied.

Lowdermilk and Lybrook, JJ., concur.