STATE ex rel., Richard Clay **BODINE**, et al., Plaintiffs-Appellants,

v.

**ELKHART COUNTY ELECTION BOARD et al.,** Defendants-Appellees.

No. 3–184A7.

Court of Appeals of Indiana, Third District.

Aug. 9, 1984.

Rehearing Denied Oct. 2, 1984.

David T. Stutsman, Stutsman & Stevens, Elkhart, for plaintiffs-appellants.

John D. Ulmer, R. Gordon Lord, Yoder, Ainlay, Ulmer & Buckingham, Goshen, Charles C. Wicks, Elkhart, Daniel A. Manion, Doran, Manion, Boynton, Kamm & Esmont, South Bend, for defendants-appellees.

HOFFMAN, Judge.

On November 29, 1982, appellants filed an action for mandamus in the Elkhart Superior Court, challenging the certification of certain vote totals tallied during the November 2, 1982 general election. The trial court found the suit to be untimely filed, and granted defendants' motion for summary judgment. This appeal follows.

The sole issue on appeal is whether the trial court erred in dismissing this cause as untimely filed.

Actions in mandamus to correct the certification of votes in any given election are governed by IND.CODE § 3–1–26–7. This statute provides as follows:

"Error in certification of vote; action to correct

"Sec. 7. Any error in the certification of the vote for any candidate at any general, special or city election discovered within ten (10) days after such certification shall be corrected by the clerk of the circuit court or the secretary of state, as the case may be, making such erroneous certification. Should the clerk of the circuit court or the secretary of state fail or refuse to correct such error, the duty to make the correction may be enforced by an action in mandamus brought by any duly qualified voter within five (5) days after the expiration of the ten (10) day period allowed for making such corrections. Such action shall be brought in the circuit or superior court of the county where the officer or board making the certification is domiciled.

"No certificate of election shall be issued until the ten (10) day period for the discovery and correction of errors has expired."

Under the Indiana Election Code, votes are first tallied by precinct officials and delivered to the county board of canvassers. See, IND.CODE §§ 3–1–25–2, 3–1–25–6, 3–1–25–7, and 3–1–25–8. In order to certify the vote:

"[s]uch county board of canvassers, when organized, shall carefully compare and examine the papers entrusted to it, and aggregate and tabulate from them the vote of the county, township, or the vote of the city, as the case may be, a statement of which shall be drawn up by the clerk, which shall contain the names of the persons voted for, the office, the number of votes given in each precinct ward or township in a county election, and in each ward and precinct in a city election to each person; the number of votes given to each in the county or city and also the aggregate number of votes given, which statement shall be signed by each member of such board, and canvass sheets, together with such certifi-

cates, and tally papers, shall be delivered to the clerk, and by him filed in his office; and the same shall be preserved by him open to inspection of any legal voter.

"Within ten (10) days following such certification by the county board of canvassers, the clerk of the circuit court shall furnish to the county chairman of each political party a copy of the statement of the county board of canvassers containing the votes cast for every candidate in each precinct, ward or township."

IND.CODE § 3-1-25-11.

*See also,* IND.CODE § 3-1-25-12.

After the vote is certified, the clerk of the circuit court or the secretary of state is given ten days to make corrections as provided by IND.CODE § 3-1-26-7. Corrections, if any, may be made upon the motion of any duly qualified voter or upon the clerk's or secretary of state's own motion. After this ten-day period has lapsed, voters shall have five days in which to bring an action in mandamus to correct any errors which remain outstanding. *Under no circumstances are voters permitted to sue for mandamus after fifteen days from the date on which the vote was certified.*

Appellants' action in mandamus was filed 27 days after the vote was certified. They now contend that IND.CODE § 3-1-26-1 extends the time in which to certify the vote by ten days, permitting actions in mandamus to be filed within 25 days of an election.

This interpretation of IND.CODE § 3-1-26-1 misconstrues the plain language employed by the Indiana Legislature. This statute provides in relevant part that:

"Where any person is elected to an office by the voters of a county not to be commissioned by the governor, the clerk of the circuit court shall, after ten (10) days from the time the votes cast at any election have been counted and tabulated, make out and deliver, on demand, to such person, a certificate of his election; and where any officer is to be commis-

sioned by the governor, the clerk of the circuit court shall make out a statement under his hand and the seal of the circuit court specifying the number of votes given to each person for each office, and who has been declared elected, and shall transmit the same, by mail, to the secretary of state, within the time aforesaid."

Appellants have confused the provisions of this statute governing *certificates of election* with election code provisions regarding *certification of the vote.* The vote is certified by the board of canvassers and entered by the clerk of the circuit court. This act begins the ten-day period for discovery and correction of errors referred to at IND.CODE § 3-1-26-7. After ten days have passed, the clerk or the secretary of state [1] may issue a certificate of election to the candidates receiving the most votes, and this certificate shall constitute *prima facie* evidence of the holder's entitlement to office.

■ A voter does not sue for mandamus in order to challenge certificates of election, but to remedy errors made by the board of canvassers or circuit court clerk in certifying the vote.

In the case at bar, the vote was certified on November 2, 1982. The circuit court clerk was given through November 12 to discover and correct errors, and appellants were afforded five additional days in which to sue for mandamus. Having failed to file their suit by November 17, 1982, appellants' suit was properly dismissed as untimely.

■ Appellants next maintain that the vote was not actually certified by the board of canvassers on November 2, 1982, thereby enlarging the time in which to sue for mandamus. They specifically claim that due to irregularities in the computer program and automatic tabulating equipment governed by IND.CODE § 3-2-4-1 *et seq.,* any certification entered on November 2 is void and illegal.

This argument fails to comprehend the duties and purposes served by the board of

---

1. The secretary of state issues certificates for all candidates commissioned by the governor.

canvassers. As stated by the Supreme Court of Indiana in *State ex rel. Brown v. St. Joseph C. Ct.*, (1950) 229 Ind. 72, at 76, 95 N.E.2d 632, at 634:

"The duties of a county canvassing board are ministerial only. It must take the ballots and return sheets and certificates thereto as turned over to it by the precinct inspector, and from these aggregate and tabulate the vote. *Kunkle v. Coleman* (1910), 174 Ind. 315, 321, 92 N.E. 61. The canvassing board has no right or authority under the statute to pass on irregularities or the legality of ballots. The fact that the precinct tally sheets were tampered with or changed, or that illegal ballots were in the aggregate and tabulation, was not for the determination of the canvassing board. Questions of fraud and illegal ballots are for election contests and *quo warranto* proceedings. *Moore et al. v. Kessler* (1877), 59 Ind. 152, 153, 154. This court said in the last-cited case: 'These duties and powers being only ministerial, it was improper to hear evidence touching irregularities at the election. The face of the tally papers and the certificate made by the inspectors, judges and clerks, are their guide. They can not go behind these returns. Such a power exists in contesting elections, but not in canvassing the number of votes.' "

Appellants contest the legality of those vote totals counted by computer program and automatic tabulating equipment. In no way do they attack the ministerial duties carried out by the board of canvassers or circuit court clerk. The appropriate procedure for curing this alleged error is through an election contest governed by IND.CODE § 3–1–28–1 *et seq*. Appellants have failed to state a claim for which mandamus under IND.CODE § 3–1–26–7 is the proper remedy.

Finally, appellants contend that a sufficient factual basis establishes a waiver or estoppel of the 15–day time limit for bringing mandamus proceedings. In support of this argument, they again raise alleged irregularities in the election process.

The Indiana statutes dealing with election recounts, contests, and mandamus proceedings clearly fall into the class of laws referred to as "nonclaim statutes." IND.CODE § 3–1–26–7 is not a statute of limitation, but a nonclaim statute, imposing a condition precedent for the enforcement of a right of action. As stated concerning similar nonclaim statutes in *Donnella, Admx. v. Crady*, (1962) 135 Ind.App. 60, at 63–64, 185 N.E.2d 623, at 625:

"The rule of waiver or estoppel has no application to a nonclaim statute. . . . [T]he time element in a nonclaim statute is a part of the right of action itself and is not a defense. *Such statutes are not extended by the disability, fraud or misconduct of the parties. The time to act cannot be waived by the parties or lengthened by the Court.* Unless the claim is filed or the action thereof brought within the time prescribed by said statute, any right of action then existing becomes unenforceable and the claim or action is forever barred." (Emphasis supplied.)

Because appellants failed to bring their mandamus action within the time prescribed by law, their action is forever barred, notwithstanding waiver or estoppel arguments.

The judgment of the trial court is in all respects affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.