**EVANSVILLE BRANCH NAACP, Constance Clemmons, Lana Burton and Inez Vick, Plaintiffs,**

v.

**Edward J. SIMCOX, Secretary of State, State of Indiana, Defendant.**

No. EV 85–51–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Oct. 21, 1985.

Grover G. Hankins, Michael H. Sussman, Charles F. Sanders, Asst. Gen. Counsel, NAACP Special Contribution Fund, Brooklyn, N.Y., and Franklin Breckenridge, Elkhardt, Ind., Dennis Hayes, Indianapolis, Ind., for plaintiffs.

Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, Ind., for defendant.

## ORDER

BROOKS, District Judge.

This matter is before the Court upon the motion of the defendant, Edwin J. Simcox, to dismiss this action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, or in the alternative for summary judgment pursuant to Rule 56 Federal Rules of Civil Procedure. Both parties have submitted briefs to the Court outlining their respective positions and the Court now deems the matter ripe for ruling.

This case involves yet another lawsuit arising out of the disputed November 6, 1985 election for Representative to the United States House of Representatives for the Eighth Congressional District of Indiana. Based upon the original certified election returns from the various county clerks it appeared that Frank McCloskey had defeated the challenger Richard McIntyre by less than One Hundred (100) votes. Due to the closeness of the election and what was alleged to arithmetical errors in the certificate from Gibson County, both candidates sought recounts in all or part of each county in the district. However, prior to the completion of the district wide recount and

based upon what was purported to be a corrected certificate from Gibson County, the defendant, Edwin J. Simcox, on December 13, 1984 certified Richard McIntyre as the winner of the election.

Thereafter, recounts conducted pursuant to Indiana Code Section 3–1–27–1 *et seq.* were commenced and concluded in the remaining fourteen (14) counties in the district including Vanderburgh County. Not surprisingly, substantial controversy surrounded these recounts because of the differing standards applied to the ballots by the various recount commissions. In Vanderburgh County, which is the focus of the instant action, over three thousand eight hundred (3,800) ballots were invalidated by the recount commissioners due to alleged noncompliance with state election laws. On or about January 25, 1985, the Clerk of the Vanderburgh Circuit Court certified the recount vote totals to the defendant Simcox as required by state law. Thereafter, on February 4, 1985 Simcox sent a letter to the House of Representatives advising the Clerk of the House that the state recount proceedings had been completed and that the December 13, 1984 certificate of election showing Richard McIntyre the winner "was and remains correct".

Notwithstanding these proceedings under state law, the House of Representatives, acting through the House Administration Committee, had by this time determined to conduct its own recount of the Eighth Congressional District race. In conducting its own recount, the House chose to ignore the decisions made by the various county recount commissions and in fact applied its own set of rules, which provided among other things that ballots such as those invalidated by the Vanderburgh County recount commissioners would be counted where the intent of the voter could be discerned. As a result of this Congressional recount the vote totals for both candidates increased dramatically and it was determined that McCloskey had won by four (4) votes. On May 1, 1985 the House seated McCloskey.

Plaintiffs commenced this action on February 26, 1985. In their fifty two (52) paragraph complaint plaintiffs allege that this action is brought on behalf of the named plaintiffs individually and as representatives of a class of black voters who were unconstitutionally deprived of their votes in the November 6, 1984 election. Specifically, plaintiffs allege that the Vanderburgh County recount commissioners invalidated in excess of three thousand eight hundred (3,800) ballots; that nine (9) out of the designated fifty four (54) precincts in Vanderburgh County which were recounted are located within the 4th Ward; that of the over three thousand eight hundred (3,800) ballots invalidated, one thousand eighty nine (1,089) of those were from the 4th Ward; that ninety per cent (90%) of the voting population within the 4th Ward is black; that as a result of the decisions of the recount commission virtually all of the votes cast within certain precincts of the 4th Ward were invalidated; that the majority of other counties within the Eighth Congressional District, did not invalidate ballots with the same defects as those which existed in the 4th Ward; and that as a result of this inconsistency in recounting the ballots a disproportionate percentage of black voters within the district have been disenfranchised.

With respect to the sole defendant in this case, Simcox, plaintiffs allege that he has violated their rights in several respects. First, plaintiffs allege that he has certified the results of the election, without including the disqualified black votes in this tally. Second, plaintiffs contend that defendant's action in so certifying violated due process and equal protection in that it disenfranchised a significant proportion of the black voting population within the Eighth District. Finally, plaintiffs allege that defendant has violated Title 42 United States Code §§ 1973 *et seq.* and 1983 *et seq.* by failing to adhere to the Indiana Election Code and by refusing to uniformly enforce the election laws with respect to the invalidation of ballots.

Based upon the above allegations, plaintiffs contend that they have no adequate

remedy at law, and they seek to enjoin the defendant from invalidating any of the ballots cast in the November 6, 1984 election except on conditions set by the Court or from certifying any candidate as the winner of the Congressional race until such time as all ballots, except those disqualified by the Court, have been counted.

Defendant has filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) Federal Rules of Civil Procedure or in the alternative for summary judgment pursuant to Rule 56 Federal Rules of Civil Procedure. In his motion and supporting briefs, defendant points to several deficiencies in plaintiffs' complaint. First, it is argued that the actions of which plaintiffs complain, *i.e.* the invalidation of numerous ballots in Vanderburgh County, were actions taken, not by Simcox, but by the Vanderburgh County recount commissioners. Thus, it is contended that the commissioners' actions can give rise to no claim against Simcox. Second, defendant points to the fact that the certificate of election issued to McIntyre was issued prior to the invalidation of any votes in Vanderburgh County and that no subsequent certificate was ever issued. Finally, defendant argues that the issues presented by plaintiffs' complaint are moot for the reason that Congress has now conducted its own recount and declared which candidate is entitled to be seated. The Court having examined the motion, plaintiffs' response thereto, and being duly advised in the premises finds that the moton is well taken.

█ Several problems become apparent upon a close reading of plaintiffs' complaint. Perhaps the major deficiency is that the acts of which plaintiffs really complain are by law reserved to the court appointed recount commissioners and not the Secretary of State. In the case *sub judice* the clerks of the circuit courts of the various counties certify to the Secretary of State the number of votes given to each candidate. (I.C. 3-1-26-6). The Secretary then compares the number of votes cast for each candidate and certifies to the Gover-

nor the person having the highest number of votes as duly elected. (I.C. 3-1-26-9). This procedure was followed after the November 6, 1984 election and culminated in Simcox's certification of McIntyre as the winner on December 13, 1984. None of these actions impacted in any manner upon plaintiffs' vote and plaintiffs have not alleged wrongdoing up to this point. After Simcox's certification, however, recounts were instituted. The duties of the recount commissioners are to recount the votes expeditiously (I.C. 3-1-27-11) and report the results of their recount to the circuit court clerk. (I.C. 3-1-27-14). The court clerks then forward the recount results to the Secretary of State who tabulates and corrects the totals, if necessary, and certifies a new winner if the tabulation shows that a different candidate is entitled to a certificate of election. (I.C. 3-1-27-15).

In the present case, the only certificate issued by Simcox was based upon the original vote totals submitted by the county clerks, and although the number of votes each candidate received changed after the recount, the ultimate result was not changed. This is precisely what Simcox's letter of February 4, 1985 advised the House, despite plaintiffs' characterization of the letter as a *"de facto"* certificate. Furthermore, there is no duty imposed upon the Secretary of State to make a *de novo* determination of the validity of the recount commissioners' actions. By law, he is simply required to correct the tabulation of votes for each candidate and to issue a new certificate if necessary. Thus, it can hardly be said that Simcox's actions deprived plaintiffs of their votes.

█ Furthermore, it would appear to this Court that this case is moot. Article III, Section 2 of the Constitution limits federal jurisdiction to actual cases or controversies. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *United States v. Wisconsin*, 771 F.2d 244 (7th Cir.1985). Here the House of Representatives has conducted its own recount; ignoring both Indiana's original tabulation of the votes and re-

count. Unquestionably, the House has the power to do so. *McIntyre v. Fallahay*, 766 F.2d 1078 (7th Cir.1985). The House in conducting its recount counted all, or substantially all, of the ballots voted in the district, including those which plaintiffs contend were wrongfully invalidated by the recount commissioners. Thus, plaintiffs have not been disenfranchised since the final arbiter has made its decision as to which ballots count, a decision which is not reviewable in any court. *Roudebush v. Hartke*, 405 U.S. 15, 92 S.Ct. 804, 31 L.Ed.2d 1 (1972), *Barry v. United States ex. rel. Cunningham*, 279 U.S. 597, 49 S.Ct. 452, 73 L.Ed. 867 (1929); *McIntyre v. Fallahay, supra.*

▮ Finally, although plaintiffs contend that this action was brought in part because they had no adequate remedy at law, the Court does not agree. Ind.Code § 3–1–26–7 provides that any duly qualified voter may bring an action in mandamus to compel the county clerk or the secretary of state, as the case may be, to correct the certification of votes in any given election. Although this provision does not on its face apply to the certification of votes after a recount, the Court is nevertheless of the opinion that such procedure could be used to challenge the certification of votes after a recount, since the recount certificate supercedes for all purposes all previous returns made in any form of the votes recounted. (I.C. 3–1–27–14). However, the statutory provision allowing a mandamus action to be brought is a "nonclaim statute". *State Ex Rel. Bodine v. County Election Board*, 466 N.E.2d 773 (Ind.App. 1984). Failure to comply with the time limitations imposed, forever bars the action. *Bodine, supra.* In the present case, plaintiffs failed to bring a mandamus action, or any other action, within fifteen (15) days after the completion of the recount in Vanderburgh County. Thus, even if the Court were to treat this action as one for mandamus, it would be untimely.

Based upon all of the foregoing, the Court finds that defendants' motion to dismiss should be and hereby is GRANTED for the reason that plaintiffs' complaint fails to state a claim upon which relief can be granted, and the claims presented are MOOT.

Accordingly, this action is ordered DISMISSED with each party to bear their own costs of the action.