**Barbara GUINN, Appellant (Plaintiff Below),**

v.

**Craig A. LIGHT, and Gerald R. Funderburk, Appellees (Defendants Below).**

**No. 27A04–8709–CV–265.**

Court of Appeals of Indiana, Fourth District.

Dec. 15, 1988.

cause the trial court believed her medical malpractice action was time-barred.

We reverse.

Because we reverse, we address only one issue. Restated, it is:

whether Guinn's claim is time-barred by the medical malpractice two year statute of limitations because the defendant dentists were not "qualified" health care providers under the Indiana Medical Malpractice Act.

On August 10, 1982, Guinn was treated by Light, a dentist. Light injected Guinn with an anesthetic to numb her mouth and then left the room. Funderburk then entered and asked Guinn if her mouth was numb. When she said not completely, Funderburk administered another injection. Guinn claims these injections were administered negligently and left her with permanent numbness and discomfort. Light and Funderburk are both licensed dentists.

Thereafter, Guinn filed her proposed complaint for malpractice against them with the Indiana Department of Insurance (Department) on July 16, 1984, one year, eleven months and six days after the alleged negligent acts occurred. Three days later Guinn received a letter from the Department's Commissioner stating Light and Funderburk were not "qualified" health care providers. Although Guinn took no further action, her proposed complaint remained pending.

The dentists filed an appearance with the Department on August 31, 1984, filed interrogatories on October 29, 1984, and then participated in the selection of a medical review panel chairman. Subsequently, on April 15, 1985, two years and eight months after the alleged acts of malpractice had occurred, the parties and the Clerk of the Supreme Court received a letter from the chairman of the medical review panel stating it did not have jurisdiction over Guinn's claim because the dentists were not qualified health care providers. Forty-four days later on May 29, 1985, Guinn filed her complaint in the Madison Superior Court. The case was then venued to the Grant Circuit Court where summary judgment in favor of the dentists was entered because

Vincent Kelley, Anderson, for appellant.

Carolyn O'Connor, Ice, Miller, Donadio & Ryan, Indianapolis, for appellees.

CONOVER, Presiding Judge.

Plaintiff–Appellant Barbara Guinn (Guinn) appeals the trial court's entry of summary judgment in favor of Defendants–Appellees Craig A. Light (Light) and Gerald R. Funderburk (Funderburk) be-

the action had not been commenced within two years, per IND. CODE 16–9.5–3–1.

Guinn's motion to correct errors was denied by the trial court. She appeals.

The Indiana Medical Malpractice Act (Act), at IND. CODE 16–9.5–3–1 provides in applicable part

Sec. 1. No claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless filed within two (2) years from the date of the alleged act, ....

That statute begins to run when the negligence occurs rather than when the negligence is discovered. *Walters v. Rinker* (1988), Ind.App., 520 N.E.2d 468, 470; *Ferrell v. Geisler* (1987), Ind.App., 505 N.E.2d 137, 139; *Frady v. Hedgcock* (1986), Ind. App., 497 N.E.2d 620, 622. Thus, in this case, the statute began to run on August 10, 1982.

Although the Act preserves the right to trial by jury in a court of competent jurisdiction, *cf.* IND. CODE 16–9.5–1–6, a proposed complaint against a health care provider must first be filed with the commissioner of insurance before it can be filed in court. In this regard, I.C. 16–9.5–1–1 provides

Sec. 1. Provision is made for the establishment of medical review panels to review all proposed malpractice complaints against health care providers covered by this article.

The filing of a proposed complaint tolls the applicable statute of limitations to and including a period of ninety (90) days following the receipt of the opinion of the medical review panel by the claimant. ...

A trial court does not have initial jurisdiction to entertain such a complaint. In this regard, I.C. 16–9.5–9–2 creates a condition precedent to the filing of medical malpractice actions in courts of general jurisdiction. It says

Sec. 2. No action against a health care provider may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this chapter and an opinion is rendered by the panel.

■ Being duly licensed dentists, Light and Funderburk were health care providers within the meaning of the Act. I.C. 16–9.-5–1–1 provides

Sec. 1. As used in this article:
(a) "Health care provider" means:
(1) a person ... licensed or legally authorized by this state to provide health care or professional services as a ..., dentist,....

Thus, to toll the statute's running, Guinn had to file her proposed complaint for medical malpractice with the Department of Insurance. See *Ogle v. St. John's Hickey Memorial Hosp.* (1985), Ind.App., 473 N.E. 2d 1055, 1059; *Cha v. Warnick* (1983), Ind.App., 455 N.E.2d 1165, 1167–1168. Guinn so filed and the statute's running was tolled.

Light and Funderburk contend, however, the Department's letter dated three days after Guinn filed her proposed complaint

... put the plaintiff on notice that the defendants had not taken the steps necessary to become qualified under the ... Act. ....

The plaintiff was put on notice of facts which indicated that the Department of Insurance did not have subject matter jurisdiction over the claim filed by the plaintiff well within the two year statutory period.

(Appellees' Brief, p. 14). Because the twenty-five days remaining under the medical malpractice statute of limitations was a reasonable time for Guinn to file her complaint in a court of general jurisdiction, her claim is time-barred because it was not so filed, they argue, citing *Morris v. Harris* (1973), 155 Ind.App. 467, 293 N.E.2d 202, in support of that proposition.

In *Morris*, a proposed out-of-state defendant motorist died while the claimant, an insurance adjuster, and a defense attorney were negotiating for settlement. Under the law applicable at that time, the Secretary of State acted as resident agent for service of process for non-resident motorists. Although the adjuster and defense attorney did not reveal to the claimant the

fact of the insured's death, the claimant had actual notice thereof because the summons served on the proposed defendant by certified mail by the Secretary of State was returned to him marked "deceased" and he, in turn, forwarded the unserved summons to the claimant. *Morris* merely holds the Secretary's agency terminated with the death of the non-resident insured and thus, the action had not been "commenced" within two years from the date of the action.[1] Under the *Morris* holding, the defendant was not estopped from asserting the statute of limitations defense. However, *Morris* has no application here.

In *Morris*, the trial court had jurisdiction to entertain the claimant's lawsuit at all times factually germaine to the issues there presented. The central question here is whether the trial court acquired jurisdiction to entertain Guinn's malpractice suit at the time she received the commissioner's letter advising her the dentists were not qualified health care providers entitled to the Act's protection. Clearly under the Act, it did not.

The jurisdiction of trial courts is subject to constitutional and legislative control. *State ex rel. Palmer v. Circuit Court of Hendricks County* (1963), 244 Ind. 297, 192 N.E.2d 625, 626; *State ex rel. Gannon v. Lake Circuit Court* (1945), 223 Ind. 375, 61 N.E.2d 168, 172. The jurisdiction, duties and methods by which courts exercise their jurisdiction must be conferred by constitutional and legislative authority. *State ex rel. Robertson v. Circuit Court of Lake County* (1938), 215 Ind. 18, 17 N.E.2d 805, 808. The Medical Malpractice Act grants exclusive subject matter jurisdiction of such actions first to medical review panels, cf. I.C. 16–9.5–1–1, and then grants such jurisdiction to trial courts after the medical review panel renders its opinion, cf. I.C. 16–9.5–9–2, without exception. Thus, the trial court had no jurisdiction to entertain Guinn's lawsuit even though she had actual notice the dentists were not qualified under the Act.[2]

Nor does the equitable principle of estoppel and the effect of actual notice thereon apply because equity follows the law in this case. Where justice can be accomplished ... by following the law, and where the parties' actions are clearly governed by rules of law, equity follows the law. In this case the rights of the parties are clearly governed by the statute; and no injustice will result from following such statute. Therefore, equity in this case, must follow the law, there being no equitable reason for not doing so. ...

*Metropolitan School District v. Vaught* (1968), 249 Ind. 412, 233 N.E.2d 155, 157. That language applies with equal force here.

Simply stated, the legislature's statutory scheme for the prosecution of medical malpractice actions requires the claimant to

(a) file a proposed complaint with the commissioner within two years from the occurrence date,

(b) form a medical review panel, and within ninety days after receiving its opinion,

---

1. At that time, complaint must have been filed and summons issued before an action was deemed "commenced."

2. The lack of an exception for actual notice is justified considering the complicated nature of the Department's bookkeeping as to qualified vis-a-vis unqualified health care providers under the Act at any given time. As one Commissioner of Insurance has said:

    It must be noted that due to the manual record keeping system currently in place, mistakes do occur and errors may be made in the filing of certificates or the recordation of surcharge payments for a particular individual.... One of the most difficult aspects of record keeping done by the Patients Compensation Division is that of the renewal of qualification of a health care provider under The Act. In many given instances, the records maintained by the Patients Compensation Division will not reflect the fact that a health care provider has renewed his or her insurance coverage. This is due to the fact that there is a 180 day grace period between the date of termination of coverage under an expiring policy and of filing a certificate showing that the coverage is being renewed.

    Clegg, *Presenting a Case Before the Medical Review Board, The Insurance Commissioner's Role*, Indiana Continuing Legal Education Foundation. Sec. II–1 (1984). One of the factual questions the Medical Review Panel determines is whether the involved health care provider is "qualified" under the Act, and entitled to the protection the Act affords such persons.

(c) file a complaint in a court of general jurisdiction.

In this manner, the legislature's avowed purposes are accomplished and medical malpractice defendants are afforded the opportunity to present such defenses as are available to them both before the review panel and the trial court. The panoply of rights available to them in both forums are abundantly protected by the Act's provisions. No injustice will occur to either plaintiffs or defendants if the statute is followed. For those reasons, equity follows the law in this case also. *Vaught, supra.*

Because there is no statutory exception providing for the statute of limitations to begin running again prior to the claimant's receipt of the medical review panel's opinion, the statute is tolled until that event occurs even though the claimant has actual knowledge defendant is not "qualified" under the Act. Thus, Guinn had ninety days after receiving the review panel's opinion to file her complaint in the trial court, and did so. For those reasons, Guinn's complaint was timely-filed in the Madison Superior Court.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER and GARRARD, JJ., concur.