In the Matter of the ESTATE OF Charles Earnest DECKER, Deceased, Appellant–Defendant,

v.

FARM CREDIT SERVICES OF MID AMERICA, ACA, Appellee–Plaintiff.

No. 71A03–9410–CV–389.

Court of Appeals of Indiana.

July 28, 1995.

## OPINION

GARRARD, Judge.

Farm Credit Services of Mid–America, ACA (hereinafter FCS) filed a claim against the Estate of Charles Decker which the probate court disallowed as untimely. FCS appealed, claiming that the personal representative induced the delay in bringing its action. The Court of Appeals found that equity may require extension of the statute of limitations, and remanded for a determination of whether the equities here demanded that the statute of limitations be extended to allow FCS to file its claim against the estate. Upon remand, the probate court found in FCS's favor. The estate now appeals.

### ISSUE

Whether the probate court's determination that equity demanded extension of the statute of limitations, thus allowing FCS to file its claim against the estate, amounted to clear error.

### FACTS

The stipulated facts show that Charles Decker died on July 4, 1990. Approximately seven years prior to his death, Decker had become indebted to the Federal Land Bank of Louisville Kentucky, now known as FCS. On September 25, 1990, an attorney for the decedent sent a letter to FCS advising it of Decker's death, indicating that an estate might be opened in the future, and requesting information concerning the deficiency judgment. An estate was opened on October 3, 1990 and Michael Decker, son of the deceased, was appointed as personal representative. Although further correspondence between the parties occurred, neither the personal representative nor his attorney provided actual notice to FCS that an estate had been opened, as required by Ind.Code § 29–1–7–7(d). FCS received actual notice of the estate in September, 1991, and filed the claim at issue on September 5, 1991.

The probate court dismissed FCS's claim against the estate because it was filed outside the one year statute of limitations.[1] This

Robert E. Canfield, South Bend, for appellant.

Jere L. Humphrey, Mark E. Wagner, Kizer & Neu, Plymouth, for appellee.

---

1. I.C. § 29–1–7–7(e) provides that "a claim subject to this subsection may not be filed more than one (1) year after the death of the decedent."

court found that equity may require extension of the statute of limitations, and reversed the lower court's decision. *See Farm Credit Services of Mid America, ACA v. Estate of Decker* (1993), Ind.App., 624 N.E.2d 491. Upon remand, the probate court concluded that the attorney for the personal representative should have notified FCS that an estate had been opened and that equity demanded extending the statute of limitations in this case.

## DISCUSSION AND DECISION

### Standard of Review.

■ We review cases in which a trial court has entered requested findings of fact and conclusions of law, as it did in this case, in a two-step process. First, we determine whether the evidence supports the trial court's findings of fact. Second, we determine whether those findings of fact support the trial court's conclusions of law. *Estate of Reasor v. Putnam County* (1994), Ind., 635 N.E.2d 153, 158, *reh'g denied.* We will not set aside the court's judgment unless it is clearly erroneous. *Id.; DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320, *reh'g denied, trans. denied.* Findings are clearly erroneous only if the record contains no facts supporting them either directly or by inference. A judgment is clearly erroneous when it is unsupported by the findings of fact and the conclusions relying on those findings. We may not reweigh the evidence or judge the credibility of witnesses. *Estate of Reasor,* 635 N.E.2d at 158. Additionally, we may not search outside the trial court's findings for evidence which supports the judgment. *Id.,* n. 3.

### Appellant's Claim.

■ The estate contends that the probate court erred by allowing FCS to file its claim more than one year after the death of Charles Decker. Under these circumstances, this court has held that the statute of limitations may be extended where conduct of the personal representative for the estate prevented a party from commencing

an action or induced the party to delay beyond the time allowed by law.[2] *Farm Credit Services,* 624 N.E.2d at 496. The estate claims the single alleged inducement was a letter from the estate's attorney to FCS describing the estate as having minimal assets and abundant debts. The estate argues that the term "minimal assets" was not misleading but was, in fact, accurate. Moreover, the estate construes the term as subjective in nature and argues that it may not be used as the basis of reliance in claiming fraud.

■ We disagree with the estate's position that FCS must prove fraud induced its delay. While a showing of fraud on the part of the estate's personal representative would clearly support extension of the statute of limitations, proof of other misconduct will also suffice. *See Donnella v. Crady* (1962), 135 Ind.App. 60, 63, 185 N.E.2d 623, 625, *trans. denied* (1963) 244 Ind. 205, 191 N.E.2d 499, (stating "[e]quity will estop a party from setting up the statute of limitations as a defense in an action where such party *by fraud or other misconduct* has prevented a party from commencing his action or induced him to delay the bringing of his action beyond the time allowed by law.") (Emphasis added). In *Farm Credit Services,* this court specifically stated that if the personal representative knew of a creditor's claim against the estate and simply ignored the claim until the statute of limitations ran, then such action would amount to misconduct which could extend the running of the statute. 624 N.E.2d at 495. We held that counsel's knowledge of FCS's claim against the estate was imputed to the personal representative. *Id.* at 496. Therefore, the question presented for review today is whether this misconduct induced FCS to delay in filing its claim against the estate.

■ The estate contends the trial court erred in finding that the September 25, 1990 letter from the estate's attorney induced FCS to delay beyond the running of the statute of limitations. This letter contained the following relevant language:

---

**2.** FCS conceded that it was not prevented from commencing its action by the personal representative of the estate.

As I told you on the telephone, I may be opening up an estate for Mr. Charles E. Decker as my office has been contacted by his son, Michael. Charles Decker had minimal assets but, in checking the records, it appears that he had abundant debts.

One of the judgments that shows up on Mr. Decker's record, is the above-referenced cause which reflects a judgment in favor of the Federal Land Bank of Louisville in the sum of $92,721.30.

. . . .

Basically, we have no desire to open up an estate to transfer whatever assets there may be to the Federal Land Bank of Louisville but if we could determine exactly how much money the Federal Land Bank of Louisville is out considering their ultimate disposition of the property we might be able to work something out.

Record at 18.

The probate court specifically found that (1) the attorney for the estate wrote a letter to FCS on October 8, 1990 which failed to notify FCS that an estate had been opened on October 3, 1990; (2) the personal representative knew that FCS was a creditor before opening the estate and at the time of sending the letter dated October 8, 1990; and (3) that neither the personal representative nor counsel provided actual notice to FCS as required by statute. Record at 31. The court also found that prior to receiving actual notice in September, 1991, FCS was not aware that an estate had been opened and took at face value the representation by counsel for the estate that he may or may not open an estate because of "minimal assets" and "abundant debts." Record at 31. These factual findings are amply supported by the stipulated facts and testimony provided in the record.

The court then concluded that counsel for the personal representative could have and should have notified FCS in his letter of October 8, 1990, that the estate had been opened. The court determined that equity

demanded an extension of the statute of limitations to allow FCS to file its claim against the estate. Record at 32. The court's specific findings of fact provide considerable support for these conclusions and the court's judgment.

The estate failed to give FCS notice of administration of the estate as mandated by IC 29–1–7–7. It totally failed to mention that administration had been commenced in correspondence with FCS despite its earlier assertion that the estate was debt ridden and formal administration was doubtful. Additionally, when FCS did learn of the administration, it promptly filed its claim. The court committed no clear error in determining that the statute of limitations should be extended.[3]

Judgment is AFFIRMED.

FRIEDLANDER, J. concurs.

STATON, J. dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent because the findings of the trial court are clearly erroneous for two reasons:

1. FCS had actual notice of Decker's death and the probable administration of his estate, precluding the application of equitable tolling.

2. IND.CODE § 29–1–7–7(e) is a nonclaim statute not subject to equitable tolling.

The record in this case contains ample evidence that FCS received actual notice of Decker's death, as well as actual notice of the probable administration of his estate. On September 25, 1990, the Estate's attorney sent a letter to FCS informing FCS of Decker's death and requesting the amount of FCS's claim. Shortly thereafter, FCS responded by informing the Estate's attorney that should he fail to open an estate, FCS could do so within a year. The subsequent correspondence between the parties could not have induced FCS's failure to commence

---

**3.** Judge Staton's dissent takes the position, as it did in the original appeal, that the statute remains a purely nonclaim statute. The majority there determined otherwise. 624 N.E.2d at 494.

Thus, while we believe *Farm Credit Services v. Estate of Decker* (1993), Ind.App., 624 N.E.2d 491 was correctly decided, in any event it determined the law of the case for the present appeal.

an action beyond the one-year nonclaim period in IC 29–1–7–7(e): FCS was well aware of Decker's death and its statutory right to commence an action to collect its judgment. FCS took no action to protect its interest. Equitable principles are intended to aid the vigilant, not those who slumber on their rights. *Cook v. Equitable Life Assurance Society of the United States* (1981), Ind.App., 428 N.E.2d 110, 116, *reh. denied.* FCS cannot ignore a statutory deadline and cloak itself in ignorance of its rights, after affirmatively demonstrating knowledge of its independent legal remedies and the relevant time limitations.

Even should the record indicate that FCS received no notice of Decker's death and the administration of his estate, equity should not save FCS's claim because IC 29–1–7–7(e) is a nonclaim statute. A nonclaim statute is one that imposes a condition precedent for the enforcement of a right of action, precluding recovery if the condition is not met. *State ex rel. Bodine v. Elkhart County Election Board* (1984), Ind.App., 466 N.E.2d 773, 776, *reh. denied, trans. denied.* Unless a claim is filed within the time allowed by the statute, it is forever barred; the time element is a built-in condition of the statute that is of the essence of the right of action. *Donnella v. Crady* (1962), 135 Ind.App. 60, 62–63, 185 N.E.2d 623, 624, *trans. denied.* No enforceable right is created if the claim is not filed in the time allotted, and this time limit cannot be tolled. *Id.* at 63, 185 N.E.2d at 625.

Although Indiana cases attribute the above characteristics to nonclaim statutes, our cases do not define a *method* of distinguishing between a nonclaim statute and a statute of limitations. Regarding this distinction, *Public Service Company of Colorado v. Barnhill* (1984), Colo., 690 P.2d 1248, is in-

structive. In *Barnhill*, the Colorado Supreme Court addressed whether the following statutory provision was a nonclaim statute or statute of limitations:

> **Limitation of Action.** All [wrongful death] actions ... shall be brought within two years from the commission of the alleged negligence resulting in the death for which suit is brought.

*Id.* at 1252. In analyzing this language, the court stated:

> Considering the history of our distinction between non-claim statutes and statutes of limitations in the context of probate proceedings, it may be inferred that the General Assembly was aware that the language it employed in encouraging rapid resolution of wrongful death claims was of importance. It is of some significance that the very section is entitled "Limitation of action." Of much greater significance, however, is the fact that the statute does not employ language indicating that failure to file a claim within the two-year period therein specified bars the claim, that such filing is a condition to the existence of the claim itself, or that failure to so file deprives courts of jurisdiction. The presence of such language [in previous cases] led to our conclusion ... that the statute [at issue] was a non-claim statute.

*Id.* (Citations omitted). Legislative intent is key in determining whether a particular statute should be construed as a nonclaim statute or a statute of limitations. *Id.* at 1252–1253.

Relevant to this case is whether the limitations periods in IC 29–1–7–7(e) is a nonclaim statute, and thus not subject to equitable tolling. To answer this question, it is necessary to examine the history of both limitations periods in our probate code. In 1990, IC 29–1–14–1, which contains a five month limitation period, was amended [4] and made

---

4. IC 29–1–14–1 was amended in response to *Tulsa Professional Collection Services v. Pope* (1988), 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565, in which the United States Supreme Court held that due process entitles known and reasonably ascertainable creditors of an estate to actual notice of administration of the estate. In *Pope,* the Court faced a due process challenge in the context of a short-term nonclaim statute, which ran from the opening of the decedent's estate. *Id.* at 487–488, 108 S.Ct. at 1346. However, the

Court expressly declined to determine the relationship between due process and long-term nonclaim statutes, which run from the date of the decedent death. *Id.* Because IC 29–1–7–7(e) bars claims filed more than one year after the decedent's death, it is a long-term nonclaim statute.

For an excellent discussion of the distinction between the short-term and long-term nonclaim statutes, *see* Debra A. Falender, *Notice to Credi-*

contingent upon the notice requirements in IC 29–1–7–7. At that time, specific subsections addressing notice to creditors were added to IC 29–1–7–7. *See* IC 29–1–7–7(d) and (e). In so doing, the General Assembly included the following language in subsection (e): "[h]owever, a claim subject to this subsection may not be filed more than one year after the death of the decedent." From this language, it is clear that the time element is a part of the right of action provided in IC 29–1–7–7(e), because it dictates that claims are barred after one year from the date of decedent's death. IC 29–1–7–7(e) is thus a nonclaim statute.

The conclusion that IC 29–1–7–7(e) is a nonclaim statute is consistent with the criteria outlined by the Colorado Supreme Court in *Barnhill, supra.* IC 29–1–7–7(e) employs language indicating that the failure to file a claim within the one-year period specified therein bars the claim. Moreover, the addition of this one-year limitation after the 1990 amendment to IC 29–1–7–7(e) evinces a legislative intent to place a time limit on creditors claims that could not be circumvented by tolling or other equitable claims. Such a limit is necessary to promote expeditious settlement of estates, as well as the finality of asset distribution when estates are closed. *See Falender, supra* at 690.

Because FCS had ample notice of Decker's death, and because FCS's claim was not filed within the nonclaim period in IC 29–1–7–7(e), FCS has no claim against the Estate. The findings of the trial court are clearly erroneous, and its judgment should be reversed.