ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

Robert E. Canfield    Jere L. Humphrey

South Bend, Indiana Mark E. Wagner 

KIZER & NEU

Plymouth, Indiana      

In The

INDIANA SUPREME COURT

IN THE MATTER OF THE ESTATE )

OF CHARLES EARNEST DECKER, ) Supreme Court No.

DECEASED, ) 71S03-9511-CV-01317

Defendant-Appellant, )

)

v. ) Court of Appeals No.

) 71A03-9410-CV-389 

FARM CREDIT SERVICES OF )

MID-AMERICA, ACA, )

Plaintiff-Appellee. )

                          ________________________________________________  

APPEAL FROM THE ST. JOSEPH PROBATE COURT

The Honorable Peter J. Nemeth, Judge

Cause No. 71J01-9010-ES-0581

                        _________________________________________________

On Petition To Transfer

DICKSON, J.

This case involves the continued litigation surrounding the plaintiff-appellee’s, Farm Credit Services (“FCS”),
(footnote: 1) attempt to file a claim against the defendant-appellant, Estate of Decker, more than one year after the decedent had died, in violation of Indiana Code Section 29-1-7-7(e) (1993).
(footnote: 2)  The trial court denied the claim as untimely filed, notwithstanding the fact that FCS did not receive actual notice of the estate as required by Indiana Code Section 29-1-7-7(d).
(footnote: 3)  The Court of Appeals reversed,
 finding that the provision in question was a statute of limitation, not a nonclaim statute, and therefore equity may allow an extension of time. 
 
Farm Credit Services of Mid-America, ACA v. Estate of Decker
, 624 N.E.2d 491 (Ind.Ct.App. 1993)
.
  The court remanded, instructing the probate court to determine whether equity permitted FCS to assert a claim against the estate.  Transfer to this Court was not sought and the probate court found in favor of FCS.  Upon appeal by the estate, the Court of Appeals affirmed.  
Estate of Decker v. Farm Credit Services of Mid America, ACA
, 653 N.E.2d 534 (Ind.Ct.App. 1995).  Having granted transfer, we are called upon to decide whether equity should prevent the filing of this claim.  We conclude that it should not because Indiana Code Section 29-1-7-7(e) is a strict nonclaim statute rather than a statute of limitations subject to equitable tolling.

The statute in question prescribes a time limit of one year after the death of the decedent for the filing of claims against the estate.  
Ind. Code
 § 29-1-7-7(e) (1993);  
Ind. Code
 § 29-1-14-1(d) (1993).  This one-year limitation period applies whether the creditor has received proper notice, improper notice, or no notice at all, and it is this provision which is at issue. 
 
Accord 
 
Estate of Jenkins v. Guyton
, 912 S.W.2d 134, 138 n.3 (Tenn. 1995).  

We disagree with the Court of Appeal’s conclusion that this one-year limitation provision is a statute of limitation rather than a nonclaim statute. 
 The distinction between nonclaim statutes and statutes of limitation is explained in 
Donnella v. Crady
, 135 Ind.App. 60, 185 N.E.2d 623 (1962):

[A] nonclaim statute . . . grants to every person having a claim of any kind or character against a decedent’s estate, the right to file the same in the court having jurisdiction thereof and have the same adjudicated, provided such claim is filed within the time specified in the statute.  Unless such claim is filed within the time so allowed by the statute, it is forever barred.  The time element is a built-in condition of the said statute and is of the essence of the right of action.  Unless the claim is filed within the prescribed time set out in the statute, no enforceable right of action is created.

While such statutes limit the time in which a claim may be filed or an action brought, they have nothing in common with and are not to be confused with general statutes of limitation.  The former creates a right of action if commenced within the time prescribed by the statute, whereas the latter creates a defense to an action brought after the expiration of the time allowed by law for the bringing of such an action.

Id.
 at 62-63, 185 N.E.2d at 624.  Thus, the statute is a nonclaim statute
 when “there is clearly evidenced a legislative intent in [the] statute to not merely withhold the remedy, but to take away the right of recovery where a claimant fails to present his claim as provided in the statute.”  
Rising Sun State Bank v. Fessler
, 400 N.E.2d 1164, 1166  (Ind.Ct.App. 1980).  
W
hile equitable principles may extend the time for commencing an action under statutes of limitation, nonclaim statutes impose a condition precedent to the enforcement of a right of action and are not subject to equitable exceptions.  
See  
Id.
;  
Anson v. Anson’s Estate
, 399 N.E.2d 432, 435 (Ind.Ct.App. 1980);  
Donnella
, 135 Ind.App. at 63-64, 185 N.E.2d at 625.

Prior to the amendments in 1990, the statutes in question were unequivocally nonclaim statutes, 
Anson
, 399 N.E.2d at 434
, with the time element a built-in condition of the right of action.  The pertinent amendments to Indiana Code Section 29-1-7-7 include the addition of subsection (e), which establishes the time frame within which notice must be given:

Notice . . . shall be served within three (3) months after the first publication of notice [of estate administration] or as soon as possible after the elapse of three (3) months.  If the personal representative or the personal representative’s agent fails to give notice to a known or reasonably ascertainable creditor of the decedent . . . within three (3) months after the first publication of notice [of estate administration], the period during which the creditor may submit a claim against the estate includes the period specified under IC 29-1-14-1 and an additional period ending two (2) months after the date notice is given to the creditor . . . However, a claim subject to this subsection may not be filed more than one (1) year after the death of the decedent.

Ind. Code
 § 29-1-7-7(e) (1993).  Amendments to Indiana Code Section 29-1-14-1 included the change in subsection (d) from “All claims barrable . . . shall in any event be barred if 
administration of the estate is not commenced
 within one (1) year after the death of the decedent” to “All claims barrable . . . shall be barred if 
not filed
 within one (1) year after the death of the decedent.”  
Ind. Code
 § 29-1-14-1(d) (1993) (emphasis added). These additions and changes do not transform the one-year time limitation from a prerequisite condition for asserting claims (nonclaim) to a defense when an action is brought after the expiration of the time limitation (statute of limitation).  It clearly remains a nonclaim provision and general principles of equity do not apply, as the court is without power to extend the time limits prescribed by a nonclaim statute.  We therefore overrule 
Farm Credit Services
.

In addition, because the one-year provision is self-executing, the federal Due Process Clause is not implicated.  
See
 
Tulsa Prof’l Collection Services, Inc. v. Pope
, 485 U.S. 478, 487, 108 S.Ct. 1340, 1346, 99 L.Ed.2d 565, 576 (1988) (“The State has no role to play beyond enactment of the limitations period.  While this enactment obviously
 
is state action, the State’s limited involvement in the running of the time period generally falls short of constituting the type of state action required
 
to implicate the protections of the Due Process Clause.”).  Therefore, actual notice is not required 
prior to the termination of a claim under Indiana Code Section 29-1-7-7(e).
(footnote: 4)  
Id.
  

We now remand this cause to the St. Joseph Probate Court with instructions to dismiss the FCS claim as untimely filed.

SHEPARD, C.J., and SULLIVAN, SELBY, and BOEHM, JJ., concur.  

FOOTNOTES
1:
FCS is the successor to a judgment against the decedent resulting from the 1983 foreclosure of a mortgage against the decedent’s farm land.  The probate court found that the judgment was in the amount of $92,721.30.  Record at 30.

2:
Ind. Code
 § 29-1-7-7(e) (1993) (“a claim subject to this subsection may not be filed more than one (1) year after the death of the decedent”).

3:
This statute requires that the notice shall be served “on each creditor of the decedent . . . who is known or reasonably ascertainable within three (3) months after the first publication of notice . . . .  The notice may be served by mail or any other means reasonably calculated to ensure 
actual
 receipt of the notice by a creditor.”  
Ind. Code
 § 29-1-7-7(d)(2) (1993) (emphasis added).

4:
This is in contrast to the Oklahoma nonclaim statute at issue in 
Pope
 which was not self-executing because “[t]he probate court was intimately involved throughout, and without that involvement the time bar is never activated.  The nonclaim statute becomes operative only after probate proceedings have been commenced in state court. . . . It is only after all of these actions take place that the time period begins to run, and in every one of these actions, the court is intimately involved.  This involvement is so pervasive and substantial that it must be considered state action subject to the restrictions of the Fourteenth Amendment.”  
Id.
 at 487, 108 S.Ct. at 1346, 99 L.Ed.2d at 576-77.  Thus, the Court concluded, “Where the legal proceedings themselves trigger the time bar, even if those proceedings do not necessarily resolve the claim on its merits, the time bar lacks the self-executing feature . . . necessary to remove any due process problem.”  
Id.
  In such circumstances, “due process is directly implicated and actual notice generally is required.” 
Id.
 at 487, 108 S.Ct. at 1346, 99 L.Ed.2d at 577.